# David *against* Moore.

In an action by a passenger against a stage-owner to recover the value of a
trunk and its contents cut and carried away from the stage, the plaintiff is not a
competent witness to prove that there was money in the trunk, or the amount.

ERROR to the District Court of *Allegheny* county.
   W. David against S. Moore, W. Colder, and J. Ottinger. This
was an action to recover the value of a trunk and its contents cut
from the stage of the defendants, in which the plaintiff was a pas-
senger from Chambersburg to Pittsburgh.   The only question in
the cause was, whether the plaintiff was a competent witness to
prove that he had the sum of $75 in his trunk when it was taken.
   GREER, President, was of opinion that the witness was compe-
tent only to prove the amount and value of his baggage in the
trunk, and not the money, and directed a judgment accordingly.

   *Knox,* for plaintiff in error, argued that the amount claimed by
the plaintiff was that reasonable sum which every man travelling
might be supposed from necessity to have, and therefore this case
came within the principle which governs the cases settling the
point that the plaintiff is a competent witness.   12 *Vin. Ab.* 24,
32; 10 *Watts* 336; 1 *Greenleaf* 27; 9 *Wend.* 102, 117; 19 *Wend.*
537; 1 *Yeates* 34.

   *Darrach,* for defendant in error.   The principle settled is that
the plaintiff is a witness to prove the contents of his trunk so far
as it contains articles which in the ordinary course of things he
alone can know.   A trunk is not the ordinary place to carry
money; and it does not follow that if the plaintiff resorts to that

[David v. Moore.]

extraordinary mode, no one but he should know it. The danger of establishing such a rule as the plaintiff contends for, should be a conclusive argument against it. If his competency be limited to the mere article of clothing, no great danger results from it. But if the plaintiff may swear himself into any amount of money he may please to say he had, staging might be a very good busisiness for the passenger, but a ruinous one for the owner.

The opinion of the Court was delivered by

Huston, J.—The plaintiff was a passenger in defendants' stage, on his way from Philadelphia to Pittsburgh,—showed a receipt for payment of his passage, proved that his trunk was put into the boot of the stage at Chambersburg. After driving all night, on the arrival of the stage at Bedford, the straps of the boot were found to be unbuckled, and plaintiff's trunk gone. The damages laid were, for trunk and clothing $86, in bank-notes $75. The proof of the contents of the trunk was the oath of the owner.

The jury found for trunk and clothing $50; and by direction of the court an additional sum of $75 for the money, if the court should be of opinion the fact of there being money in the trunk, and its amount, could be proved by the oath of the owner. The court gave judgment for the $50 only. The error assigned was in not rendering judgment for the money as well as the trunk and clothing.

The liability of carriers is an old doctrine. Stage-owners have been considered common carriers, and liable as such. They have endeavoured to escape from this liability by notices that they would not be liable for baggage. The difficulty of bringing home notice of this regulation, induced some companies to put a clause in the receipt, that all baggage was at the risk of the owner. Judges at *nisi prius*, and even courts in bank, did not exactly agree as to the effect of such clause. In England, it seems, an Act of Parliament has passed on the subject. This court and the courts of some of the neighbouring states have carried the doctrine of their liability as far as that of common carriers at common law. This case does not raise any question as to that matter. In some cases a distinction has been made as to articles of small bulk and weight, but of great value, and this value not made known to the stage-owner. The reasons for making a stage-owner liable for what he knows and believes he has in charge, would seem not to apply to property of great value, bank-notes, for instance, of which he had no knowledge or suspicion; but this question does not arise in this case. The naked question is, can the owner be a witness to prove that there was money in his trunk, and the amount of it? That a person may prove the articles of clothing in his trunk in a suit against the stage-owner for losing a trunk, was established long ago. See the cases cited in the case in 10 *Watts* 336, and the decision of this court in that case. But in all the cases he is said

[David v. Moore.]

to be a witness from necessity; as the trunk is generally packed by himself or his wife. If a man is a witness from necessity, is there any reason to make him a witness beyond the necessity? Money, especially since bank-notes are the circulating medium, is not generally put in a trunk. If bank-notes are enclosed in a letter, I believe the general if not universal usage is, to let some person be present and see them put in and sealed in. If a stage-owner is to be held liable for money in a trunk, there is nothing improper or indelicate in having a person present to see the amount, and that it was put into the trunk. The carrier is liable if lost by theft or robbery—liable for every thing but the act of God or a public enemy. It is not unreasonable that he to whom he is thus liable should be held to some proof beyond his own oath, that money was among his baggage, and the amount of money. The principle on which this opinion rests would seem to make it immaterial to what purpose it was intended to apply the money, whether to buy land, or cattle, or goods, or to pay travelling expenses, and whether those expenses were expected to supply a man on a journey of a few days, or a journey to be continued for months or years.

The idea that the owner may prove a small sum of money for expenses to have been in a lost trunk, is not founded, so far as is shown by the cases cited, or which I have met with. In the case in 9 *Wend.* 102, 117, cited for the purpose of sustaining that doctrine, the dictum does not apply to the *evidence* to support plaintiff's claim. The action was against the carrier for the loss of a large sum of money proved (not by the owner) to have been in a trunk. No notice had been given to the owners or to the captain of the boat that the trunk contained money. The decision was that owners were not liable because not informed that the trunk contained bundles of bank-notes; and the judge says a carrier is not liable for money in a trunk of which he has not been informed, except it be a small sum for travelling expenses. No dispute existed, and no opinion was given as to what evidence would be sufficient to prove that there was money in a trunk.

An Act of Parliament has no force here. I have stated that one was passed in the time of George IV. on the subject of the liability of common carriers, by which stage-owners cannot be held liable beyond £10, unless the value beyond that sum is mentioned and booked, or noticed by receipt of owners; and it further enacts that the owner suing shall prove the value of the property lost, by ordinary legal evidence.

I have said this is not obligatory on this court; but the result of great experience adopted as a rule in other places may be considered, when we are called on to decide so important a point for the first time. I have strong reasons for believing that cases have occurred, where the list of articles and value put on them by the plaintiff has been greatly above the real value. The rule settled

[David v. Moore.]

of permitting a plaintiff to prove the contents of a trunk is not impugned as to what may be comprehended under the very extensive term baggage; but I agree with the court in 9 *Cowen*, in thinking it does not comprehend money; and we see no cause for extending the competence of a party to give evidence in his own case.

Judgment affirmed.