Ｆ

## MICHAEL GARVEY *v.* THE CAMDEN AND AMBOY RAILROAD COMPANY.

In an action against a common carrier, to recover the value of a trunk and contents entrusted to him by a passenger, it is not necessary to show a demand of the trunk and a refusal by the carrier to deliver before suit brought, where it appears on the trial that the trunk has been lost.

In such a case, proof of delivery and loss is *prima facie* sufficient to entitle the plaintiff to recover.

The cases reviewed wherein *formerly* a plaintiff was permitted to testify in support of his claim for lost baggage.

The provisions of the general railroad law of this state, passed in 1850, respecting actions for the recovery of lost baggage, do not apply to foreign corporations, but are limited to companies formed under that law.

APPEAL by defendants from a judgment of the First District Court.

The facts sufficiently appear in the opinion.

*Cambridge Livingston,* for the appellants.

*Monell, Willard and Anderson,* for the respondent.

BRADY, J.—This action was brought to recover the value of a trunk and contents, delivered to the defendants at the city of New York by the plaintiff, when he engaged a passage over

their road to the city of Philadelphia. The proof of the delivery of the trunk and of its loss was sufficient *prima facie* to throw the burden of proof on the defendants to discharge them from liability. Miller, who was in their employment, states that he checked the trunk at the city of New York, gave the check, or certificate annexed to the return, to the plaintiff, and that the trunk was lost. This is the only testimony on these subjects, except that of the plaintiff, who was examined, the defendants objecting. The proof that the trunk was not delivered by the defendants would be insufficient, were it not for the statement of the defendants' servant that it was lost. That circumstance rendered its delivery impossible, and dispenses, in my opinion, with the necessity of any other evidence on that subject. A demand and refusal are only evidence of conversion, and may be rebutted by proof showing that a compliance with the demand was impossible. *Hill* v. *Covell*, 1 Comstock's R. 522. At all events, no motion to dismiss the complaint was made, upon the ground that no demand had been proved; and the objection taken on the appeal is not that there was no demand, but that there was not sufficient evidence to establish that the trunk was not delivered by the defendants. That it was lost, as appears by the testimony of the defendants' agent, answers that objection. The difficulties in the case, however, are presented by the examination of the plaintiff, to prove the contents of the trunk and their value.

An exception to the general rule, that a party cannot be a witness in his own behalf, is stated in Phillips on Evidence (Cow. & Hill's Notes), vol. 1, p. 70, and arose in an action against a hundred, on the statute of Winton, where a *party robbed* (the plaintiff) was allowed to prove the robbery and amount of loss, "from necessity, on default of other proof." 2 Roll. Abr. 686; Bull. N. P. 289; 1 Atk. 37, 38. See, also, 1 Greenleaf's Ev. § 348, and notes, where some of the cases on the subject are collated. Greenleaf states the rule to be, that "the oath in *litem* is admitted in two classes of cases: first, where it has been already proved that the party against whom it is offered has been guilty of some fraud or other tortious or unwarrantable act of intermeddling

with the plaintiff's goods, and no other evidence can be had of the amount of damage ; and, secondly, where, on general grounds of public policy, it is deemed essential to the purposes of justice," citing Tait on Evidence, 280. But it would seem that the evidence was admitted *in odium spoliatoris. Anon.*, cited per Lord Keeper, in *East India Co.* v. *Evans* (1 Vern. 308), and except in the anoymous case, *coram* Montague, B. (12 Vin. Abr. 24, Witnesses, 1, pl. 34), only where fraud or tortious interference was established. In the latter case, which was against a common carrier, a question arose about things in a box, and Montague, B., declared that it was one of those cases where the party himself might be a witness *propter necessitatem rei*. The report of that case is not more definite than this statement of it, and no authority is mentioned showing an application of the rule in cases where fraud or violence was not shown. Whether it was so or not in that case, does not appear. In an action against an inn-keeper for money lost in his house, it was doubted whether the plaintiff was competent to prove the contents of the bag delivered to be kept for him (*Sneeder* v. *Guess*, 1 Yeates, 34), though the court was *strongly inclined* to receive the evidence, on the authority of 12 Vin., *supra*.. The plaintiff's evidence was received and its admissibility sustained in *Clark* v. *Spence*, 10 Watts (Pa.), 335 ; *McGill* v. *Howard*, 3 Barr (Pa.), 421 ; *David* v. *Moore*, 2 Watts & Serg. 230 ; *Whitsell* v. *Crane*, 8 Watts & Serg. 369 ; *Oppenheimer* v. *Elney*, 9 Humphrey (Tenn.) R. 393 ; *Johnson* v. *Stone*, 11 Humphrey, 419 ; *Herman* v. *Drinkwater*, 1 Greenl. (Me.), 27 ; *Mad River R. R. Co.* v. *Fulton*, 20 Ohio R. 318 ; *Pardoe* v. *Boston & Maine R. R. Co.*, 26 Maine, 458 ; and *Taylor* v. *Monnot*, 1 Abbott, 325. In *Herman* v. *Drinkwater* and *Oppenheimer* v. *Elney* there was a fraudulent appropriation by the carriers, but in the other cases the charge was of negligence merely. In *Span* v. *Wellman* (11 Mo. 236), the rule admitting the testimony of the plaintiff, in cases of negligence only, was discussed and doubted ; and in the case of *Snow* v. *The Eastern R. R. Co.* (12 Metcalf, 44), in which several of the cases above cited are reviewed, the court denied the application of the rule in cases of necessity

*alone*, in the absence of fraud. And the court say in that case, among other things, " These cases proceed on the *criminal character* of the act and are limited in their nature. The present case does not fall within the principle. Here was no robbery— no taking away by the defendants—no fraud committed. It is simply a case of *negligence* on the part of the carriers,"—and then, expressing views deprecatory of admitting the plaintiff's oath in such cases, suggest that the plaintiff might protect himself by ordinary care from such losses; and refuse to " innovate the existing rules of evidence."

The question has not been adjudicated in this state, except in the case of *Taylor* v. *Monnot, supra,* although there are instances in which the admission of testimony *ex necessitate*, in the absence of fraud and where it could not have been an element, has been allowed in our courts. In *Caldwell* v. *Murphy* (1 Kern. 419), brought to recover for injuries by the upsetting of a stage, evidence of the plaintiff's complaint of his sufferings is said to be admissible from the necessity of the case, and not within the rule which excludes the declarations of a party in his own favor. The necessities presented in that case are by no means, it would seem, so extreme as the necessity here, inasmuch as the consequences of the plaintiff's injuries were, perhaps, within the reach of medical science, while in this case the proof objected to was not within the knowledge of any person other than the plaintiff. In *Clark* v. *Spence*, a distinction is drawn between articles of wearing apparel and merchandise; and it was said, in that case, "that a party can, under certain circumstances, be admitted to prove the contents of a box or trunk, must be admitted," and " that the rule applies with great force to wearing apparel, and to every article which is necessary or convenient to the traveller, which in most cases are packed by himself or his wife, and which, therefore, would admit of no other proof."

It may be said that the rule established by the cases referred to confines the evidence to such articles as are ordinarily carried in a trunk; that there are many considerations which will sustain the view of the question adopted in *Clark* v. *Spence;* and

that the weight of authority appears to be in favor of extending the rule to all cases, whether of fraud, in which it originated as we have seen; or mere negligence; but I am not aware that in any case, except in *Snow* v. *The Eastern R. R. Co.*, and in *Span* v. *Wellman*, *supra*, the question, as an abstract principle of evidence, has been considered. It is true that there would seem to be great hardship in imposing upon a traveller the duty of having a witness always at hand, during his journey, to prove the contents of his trunk and the value of each article it contained, to meet an emergency to be occasioned by the carrier's neglect to perform his contract—thus requiring in the traveller extreme diligence and caution to protect himself from the neglect of his employee. There is little doubt that the carrier could secure himself from injustice in these cases, by such system of surveillance as he should consider best adapted to the end desired; and it may be said that there is no reason why he should be relieved from all caution in the performance of his duty. Perhaps, from motives of public policy, the rule might be extended to all cases of the carriage of wearing apparel, and such articles as are ordinarily carried in a trunk; but I think the reasoning and conclusion in the case of *Snow* v. *The Eastern R. R. Co.* are irresistible. The innovation of the rules of evidence, from necessity alone, would require constant changes in that science, to meet the emergencies of mankind in the multifarious transactions which are consummated without witnesses—the injured party in such cases having as many claims upon the administration of justice as the traveller who places his goods in the custody of the carrier. It would be a work of little labor to suggest many instances of necessity, in which the plaintiff would be excluded from sustaining his own demand; and the exception, if it be permitted at all, should be extended to every case where that necessity exists. Such is not the law of evidence, however, and the plaintiff is not permitted in any case to sustain *his claim* by his own testimony, except in actions similar to this, and which have, on the authorities named, been made exceptions. Considering the question, therefore, as an abstract rule of evidence, on

the doctrine of necessity, the testimony admitted by the justice should have been excluded. Such evidence should not be received, except in cases where the carrier has been guilty of an unwarranted interference with the goods of the bailor, and then only in *odium spoliatoris.*

The plaintiff's case is not asserted by the statute of 1850, providing generally for the formation of railroad companies, and containing a provision allowing a plaintiff, in an action to recover baggage lost, to testify in his own favor. That provision does not apply to foreign corporations, and is limited to companies formed under the act of which it is a part. It is not a general act, and the doctrine of *lex loci* has no application to it.

Judgment reversed.