## Henry Murphy, Plff. in Err., v. George E. Moore.

In an action for malicious prosecution for procuring an indictment against the plaintiff, *held*, that the entry of a *nolle pros.* by the district attorney on the indictment, without plaintiff's knowledge or consent, is a sufficient ending of the prosecution to entitle the plaintiff to maintain the action.

(Argued November 3, 1887. Decided November 11, 1887.)

Cited in Auer v. Mauser, 6 Pa. Super. Ct. 618, 624, 42 W. N. C. 42.

NOTE.—To sustain an action for malicious prosecution, it must appear that the criminal proceeding has terminated, and this has been said to be a question of law for the court to determine (Walker v. Curran, 1 Phila 113); but see Auer v. Mauser, 6 Pa. Super. Ct. 618, 42 W. N. C. 40. There is sufficient ending when the justice of the peace discharges (Mentel v. Hippely, 165 Pa. 558, 30 Atl. 1021); provided it was not done illegally without notice to the prosecutor (Hill v. Egan, 160 Pa. 119, 28 Atl. 646); or where there is a release on habeas corpus (Zebley v. Storey, 117 Pa. 478, 12 Atl. 569; Charles v. Abell, Brightly [Pa.] 131); or by the ignoring of the bill of indictment (Auer v. Mauser, 6 Pa. Super. Ct. 618, 42 W. N. C. 40; Stewart v. Thompson, 51 Pa. 158); but a discharge on bail is not (Harrison v. Clarke, 4 Kulp, 383); or on a motion in arrest of judgment after conviction (Kirkpatrick v. Kirkpatrick, 39 Pa. 288).

October Term, 1887, No. 184, W. D., before GORDON, Ch. J. PAXSON, STERRETT, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of plaintiff in an action for malicious prosecution. Affirmed.

Murphy, who was in possession of a brick yard in the twelfth ward, Pittsburgh, on July 18, 1884, made an information before an alderman, in which he charged William J. and George E. Moore with wilfully and maliciously interfering with his employees, threatening to kill said employees and by said threats compelling said employees to leave the premises.

The defendants were held to answer at court; and on this information the grand jury found a true bill charging that the said Moores did wilfully and maliciously enter upon the premises of said Murphy and did unlawfully, wilfully, and maliciously destroy one of the kilns of brick. Afterwards, February 12, 1885, at Murphy's request, on motion of the district attorney, the court allowed a *nolle pros.* to be entered on payment of costs by Murphy, and thereupon George E. Moore brought this suit.

At the close of the evidence, defendant presented the following point:

That the entry of the *nolle pros.* given in evidence in this case, in the prosecution complained of, is not such an ending thereof as to entitle the plaintiff to maintain this action.

*Ans.* Refused *pro forma* and reserved.

The jury found a verdict in favor of plaintiff for $200, subject to said question of law reserved; and thereafter the following opinion on said reserved question was rendered by the court:

This is an action for malicious prosecution. At the trial the plaintiff offered in evidence, *inter alia,* the information bill of indictment, found by a grand jury, and the following indorsement thereon:

"February 12, 1885, on motion of district attorney, at request of prosecutor in open court, a *nolle pros.* allowed upon the payment of costs by the prosecutor, Henry Murphy.

By the Court."

After the evidence was closed the defendant's attorney asked us to charge the jury: "That the entry of the *nolle pros.* given

in evidence in the case, in the prosecution complained of, is not such an ending thereof as to entitle the plaintiff to maintain the action." This we refused to do, and reserved the question of law thus raised for the consideration. of the court in banc. The jury having found a verdict for plaintiff subject to our opinion on the question thus presented, it now arises for our determination.

It seems originally to have been thought that an acquittal by a jury was necessary before an action for malicious prosecution could be maintained—2 Starkie, Ev. 677, title, *Malicious Prosecution,*—and it was said that the entry of a *nolle pros.* was insufficient, because fresh process might be issued upon the indictment. Goddard v. Smith, 6 Mod. 262.

A careful examination of the leading case shows that the real point ruled was that a *nolle pros.* entered by the attorney general was not sufficient to sustain the allegation in the *narr.* that plaintiff had been acquitted; but it seems to have been generally understood and recognized as an authority upon the point under consideration. And it has been expressly so decided in Massachusetts: [Parker v. Huntington], 2 Gray, 124, and [Bacon v. Towne], 4 Cush. 217, both of which were cited with apparent approbation in Kirkpatrick v. Kirkpatrick, by Justice THOMPSON, sitting at nisi prius in Philadelphia. See 39 Pa. 291.

But while this is so it seems to me so clear that there is no reason for the rule, and that the only foundation upon which it ever was supposed to rest, to wit: that the prosecution must be so disposed of as to bar another proceeding for the same offense, has been so entirely swept away by later decisions, both in England and this country, including our own state, that I do not think it can be regarded as law now. Even if we were to consider it as a distinct expression of the views of Justice THOMPSON in the case above cited it was a mere *dictum,* and not at all necessary to sustain the conclusion reached there.

It is said in Bernar v. Dunlap, 94 Pa. 331, that in an action against the prosecutor, if the plaintiff proves a discharge by the examining magistrate it is sufficient not only to justify suit, but is evidence of the want of probable cause, which casts the burden of proof upon the defendant.

In Stewart v. Thompson, 51 Pa. 158, the court says: A bill was presented to the grand jury "which was ignored as to the

plaintiff, and the prosecution was wholly ended and determined and the plaintiff discharged."

In both of these cases the prosecution could have been reinstated or renewed, and the subsequent proceedings would not have been barred either by the discharge or the *ignoramus.* A *nolle pros.* duly entered is as much a determination of the prosecution as either. But we have quite a number of cases in other states, in which the doctrine that a *nolle pros.* is a sufficient ending of the prosecution to maintain the action is expressly declared.

Where the prosecuting attorney enters a *nolle pros.* and the magistrate makes such entry on the files, and the defendant is actually discharged, it is sufficient. Driggs v. Burton, 44 Vt. 124, and, to same effect, cases cited below.

The grounds for this action are the malice of defendant, the want of probable cause, and injury sustained by plaintiff. The authorities referred to in the main agree that where the particular indictment or charge specifically made is disposed of, and defendant allowed to depart without any obligation to answer further, there is a sufficient termination of the prosecution. It is argued, however, that while a *nolle pros.* properly entered may be sufficient to maintain the action, the one entered in this case was absolutely void as being contrary to the law of this state.

This objection to the sufficiency of the *nolle pros.* seems very well founded, as it was decided in Berks County v. Pile, 18 Pa. 496, that the proviso to § 1 of the act of May 3, 1850, from which § 29 of the act of 1860, relating to criminal procedure, was taken, did not repeal the act of March 29, 1819, which enacted that it should not be lawful for the attorney-general to enter a *nolle pros.* upon any indictment found, except in cases of assault and battery and fornication and bastardy, on agreement between the parties, and in prosecutions for keeping tippling houses, with the consent of the court.

We know that this act is altogether ignored by our criminal court, and has been so for years; but it appears to still be in force. But looking at this case even in that point of view, and treating the *nolle pros.* as a nullity, so far as its strict legal effect is concerned, I think that it may well be treated as an abandonment of the prosecution by the defendant in this case, and as prima facie evidence of an acknowledgment of the fact that he had had no sufficient cause for prosecution.

It. is sufficient if the plaintiff be discharged without day by withdrawal or abandonment of the prosecution, not made by arrangement with him. [Brown v. Randall], 36 Conn. 56, 4 Am. Rep. 35.

So even in Massachusetts (Sayles v. Briggs, 4 Met. 421) it was held that when a prosecution was abandoned before the magistrate and the defendant discharged, the action could be maintained.

On the same line we refer to Kelley v. Sage, 12 Kan. 109; McWilliams v. Hoban, 42 Md. 56; Gilbert v. Emmons, 42 Ill. 143, 89 Am. Dec. 412; Fay v. O'Neill, 36 N. Y. 11; Leever v. Hamill, 57 Ind. 423; and particularly, Lowe v. Wartman, 47 N. J. L. 413, 1 Atl. 489, where it is summed up as follows: "A criminal prosecution may be said to have been terminated: (1) Where there is a verdict of not guilty; (2) where the grand jury ignore a bill; (3) where a *nolle prosequi* is entered; and (4) where the accused has been discharged from bail or imprisonment."

Here the entry of the *nolle pros.* must be taken from the record (as was the actual fact) to have been without plaintiff's knowledge or consent, while he was under bail and waiting for trial. The first thing he knew, the cause was, so far as the charge contained in the indictment is concerned, disposed of and he turned out of court without day. I think it manifest that a due regard for personal safety and a proper discrimination of the rules of law involved in this case justify the entry of judgment for plaintiff upon the question of law reserved upon payment of verdict fee and it is now so ordered.

Thereupon judgment was entered on the verdict, and defendant took this writ, assigning as error the action of the court in its answer to the above point, and in entering judgment for the plaintiff on the question of law reserved.

*John S. Ferguson,* for plaintiff in error.—The point reserved in the court below was based, as will be seen by the opinion of the court, on two lines of argument: First, it was contended generally that the entry of a *nolle pros.* was not a sufficient ending of a prosecution to entitle the defendant in the prosecution to maintain an action for malicious prosecution; second, it was claimed that if the general proposition was incorrect, still, in this case, the *nolle pros.* having been entered without authority

of law, there was not such an ending of the case as to entitle the defendant in the case to maintain the present suit.

The question is one which has never been decided in Pennsylvania. It is admitted that in some states it has been ruled that a *nolle pros.* is a sufficient termination of the case. The authorities so holding are fully collected in the opinion of the court below. On the other hand, just as many cases can be found holding the doctrine for which we contend. We cite Parker v. Huntington, 2 Gray, 124; Bacon v. Towne, 4 Cush 217.

Both of these cases were cited with approbation in Kirkpatrick v. Kirkpatrick, 39 Pa. 291.

The doctrine was again emphatically asserted in Parker v. Farley, 10 Cush. 279. See also Cardival v. Smith, 109 Mass. 158, 12 Am. Rep. 682.

In all cases in this state where anything short of a verdict of acquittal has been held sufficient, the defendant has been in such a position that he could not by any act of his reach such a result. See Bernar v. Dunlap, 94 Pa. 331; Stewart v. Thompson, 51 Pa. 158.

But such would not be the result here. Nothing stood in the way of a trial but the indisposition of the defendant in the prosecution to ask for it. A record of a prosecution and acquittal, before a justice of the peace who had no jurisdiction, is not sufficient to sustain an action for malicious prosecution. Bixby v. Brundige, 2 Gray, 129, 61 Am. Dec. 443.

*George E. Moore* and *D. D. Bruce,* for defendant in error.— The case of Kirkpatrick v. Kirkpatrick, 39 Pa. 291, cited by plaintiff in error, only decides that where there was a trial before a jury the defendant cannot recover for malicious prosecution without showing a verdict of acquittal.

The case at bar presents an entirely different question,—*viz.,* whether under any aspect of the case the technical defense of the plaintiff in error is not without merit so far as he is concerned, and whether he has not deprived himself of the right to raise it.

In the case of Graves v. Dawson, 130 Mass. 82, 39 Am. Rep. 429, it is said: "The authorities upon this subject are carefully collated and arranged by the present Chief Justice of this court in Cardival v. Smith, 109 Mass. 158, 12 Am. Rep. 682,

and the result of all those authorities is that whether a prosecution has been so terminated as to authorize the party prosecuted to commence an action for malicious prosecution is to be determined by the facts of the particular case, of which facts the entry of a *nolle prosequi* may be one of several, may be the only fact, may be a controlling fact, or may be an entirely unimportant one." See also 133 Mass. 420.

PER CURIAM:

The opinion of the court below on the reserved question is, in our opinion, unexceptionable; hence, we adjudge that the assignments of error are not well taken.

Judgment affirmed.