# Southwest Pennsylvania Pipe Lines *v.* Rodgers Sand Company, Appellant.

*Waters—Rivers—Rights of riparian owners—Evidence—Expert.*

1. The rights of riparian owners under the common law in England do not apply to the principal rivers of Pennsylvania. The owners cannot occupy them to the prejudice of navigation.

2. Navigable rivers are subject to the control and regulation of the secretary of war.

3. Where the secretary of war issues a permit to a pipe line company to lay its pipes under and across a navigable river, and he also issues a permit to another company for dredging sand and gravel in the same river, and the pipe line company charges the dredging company with injuring its pipe line, and the evidence is conflicting as to the negligence of both companies in the exercise of the permissions to use the river under their respective permits, the question of negligence is for the jury.

4. Where in such a case a witness for the pipe line company testifies as to a long continued experience in repairing breaks in pipe lines, he may be permitted to express an opinion as to what caused the particular break in question.

5. Where a question to a witness is objected to and in part sustained, and exception noted, and thereafter another question is asked the witness, which he answers without objection, the second question and answer cannot be used as a basis for an assignment of error inasmuch as no exception was taken to it.

Argued April 15, 1910. Appeal, No. 130, April T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1905, No. 101, on verdict for plaintiff in case of Southwest Pennsylvania Pipe Lines v. Rodgers Sand Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to pipe line. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) portions of charge quoted in the opinion of the Superior Court; (2) admission of testimony of L. T. Zeigenheim; (3) in refusing binding instructions for defendant; (4) in refusing judgment for defendant non obstante veredicto.

*William A. Seifert,* with him *Reed, Smith, Shaw & Beal* and *Robert J. Dodds,* for appellant.—The Allegheny river is a navigable river: Shrunk v. Navigation Co., 14 S. & R. 71; Wainwright v. McCullough, 63 Pa. 66.

The authority over navigable rivers is vested in congress: State of South Carolina v. State of Georgia, 93 U. S. 4.

The opinion testimony of L. T. Zeigenheim was admissible: Cornell v. Green, 10 S. & R. 14; Auberle v. McKeesport, 179 Pa. 321; Graham v. Pennsylvania Co., 139 Pa. 149.

The appellee was negligent: Omslaer v. Philadelphia Co., 31 Fed. Repr. 354.

We respectfully submit that the right of a pipe line company to lay its line across the river is subordinate to the right of free and easy navigation: Milwaukee Gas Light Co. v. Schooner "Gamecock," 23 Wisconsin, 144.

*W. A. Stone,* of *Stone & Stone,* for appellee.

OPINION BY BEAVER, J., July 20, 1910:

It was very early held in Pennsylvania that the rights of riparian owners under the common law in England do not apply to our principal rivers.

It was said in Shrunk v. The President, etc., of the Schuylkill Navigation Co., 14 S. & R. 71, by Mr. Chief Justice TILGHMAN (p. 79): "I consider it as settled in Pennsylvania, by the decision of Carson v. Blazer, 2 Binney, 475, that the owners of land on the banks of the Susquehanna and other principal rivers have not an exclusive right to fish in the river immediately in front of their lands, but that the right to fisheries, in these rivers, is

vested in the state, and open to all.   It is unnecessary to enumerate at this time the rivers which may be called principal, but that name may be safely given to the Ohio, Monongahela, Youghiogheny, Allegheny, Susquehanna, and its north and west branches, Juniata, Schuylkill, Lehigh and Delaware."   It was also held in Wainwright v. McCullough, 63 Pa. 66, that, "The Allegheny, Monongahela and Ohio Rivers are rivers naturally navigable and have been classed with the Delaware and Susquehanna" and that "between high and low water mark, the riparian owner cannot occupy to the prejudice of navigation, nor place obstructions on the shore, without express authority from the state."

It was held in South Carolina v. Georgia et al., 93 U. S. 4, that, "The right to regulate commerce includes the right to regulate navigation and hence to regulate and improve navigable rivers and ports on such rivers."   It was said in that case by Mr. Justice STRONG, who delivered the opinion of the court: "That the power to regulate interstate commerce, and commerce with foreign nations, conferred upon Congress by the constitution, extends to the control of navigable rivers between states— rivers that are accessible from other states, at least to the extent of improving their navigability—has not been questioned during the argument, nor could it be with any show of reason.   From an early period in the history of the government, it has been so understood and determined."

It seems to be conceded in this case that the secretary of war has authority to issue permits to, excavate or fill, or in any manner to alter the channel of any navigable river of the United States.   In pursuance of this authority, permission was given to the plaintiff, December 1, 1904, to lay two three-inch pipe lines across the Allegheny river at Etna, Pa., four and six-tenths miles above the mouth of the river, under certain conditions, two of which were: "2. That the pipes shall be laid in a trench at least two feet deep all the way across, and between the

harbor lines the least depth on top of the pipe at pool full shall be ten feet. 3. The exact location of the crossing shall be plainly indicated by suitable sign boards on each bank."

The plaintiff availed itself of this permission and laid the pipe lines across the Allegheny river, as outlined therein. One of these pipe lines was broken by physical force, claimed by the plaintiff to have been applied by the defendant, the result of which was loss to the plaintiff, for which recovery was sought and had in the case under review.

One of the important questions of fact to be determined was whether or not the plaintiff had complied with the conditions theretofore imposed by the war department of the government of the United States as a condition precedent to the laying of its pipe lines. Whether or not these conditions were complied with was clearly a question of fact. The claim of the plaintiff was that the defendant was negligent in the exercise of a permission which it had received from the war department of the government for dredging for sand and gravel in the bottom of the Allegheny river. That such work was done by the defendant under this permission was not denied. Was it negligently done? This was also a question of fact.

The defendant assigns in its first assignment of error a paragraph of the charge of the trial judge in the court below as follows: "Gentlemen, you will consider all of the facts and circumstances in evidence; if you find the signs were placed on the banks of the river and that they indicated the location of the line, and that the defendant or its employees saw, or in the exercise of ordinary care could have observed and read the signs, and that the defendant moved its boat immediately over the location of the line as indicated by the signs and began mining for sand and did not exercise the ordinary care required under the circumstances, then the defendant was negligent and it is responsible for any injury to the line which was the natural and probable consequence of that act."

If the facts essential to a recovery by the plaintiff were to be submitted to the jury, it is difficult to understand how they could have been more clearly and succinctly submitted to them for their finding. There was more or less of contradiction between the testimony of the plaintiff and that of the defendant upon these two principal questions, but it seems to us that there can be no question as to the facts relating thereto being for the jury. If so, they were properly submitted and the paragraph of the charge which is assigned for error cannot be regarded as in any sense erroneous.

The second assignment of error relates to the admission of the testimony of L. T. Zeigenheim, who was permitted to testify as to the cause of the break in the pipe line of the plaintiff which was the subject of investigation. The witness had been in the employ of the plaintiff for twenty-two or twenty-three years repairing breaks in pipe lines for the plaintiff, testifying that this was his chief business, that he had charge of the business, that he had been called upon to repair breaks in pipe lines under water quite often in the Allegheny river and that the condition of the broken pipe when taken from the water was such as to indicate how the break occurred. He was then asked by the plaintiff: "Q. Now I ask you what in your judgment was the cause of the break in that pipe line. Objected to by the defense for the reason that the witness is not competent to answer the question; that it is not possible for the witness to have ascertained how the break occurred; not being on the ground at the time it occurred, and not having seen anything which would have had a tendency at the time the accident occurred to have caused the break. By the Court: The witness may state how a break such as that is might have been caused. The objection is overruled and exception noted to defendant. By Mr. Stone: Q. State how a break of that kind might have been caused. A. It may have been caused by the spud dropping down on it. Q. Is there any other way in which it might have been caused? A. It may have been caused by the buckets

that carry up the sand.   Q.  It was broken entirely off, was it?   A.  Yes, sir."

It will be observed that there was no objection by the defendant to the questions suggested by the court, as they were finally put by the plaintiff's counsel.   The objection was made and in part sustained to a question which was not put.   On both grounds, therefore, we cannot see that this assignment can be sustained.   In the first place, it would seem that the witness was entirely competent to answer the questions propounded and, in the next place, that there was no objection to the questions, as propounded and answered by him.

The remaining assignments of error relate to the refusal of the court to give binding instructions for the defendant and refusing to enter judgment for the defendant non obstante veredicto.   In view of what has been said in regard to the first assignment of error, it is clear that these assignments cannot be sustained.   These were questions of fact for the jury.   They were fairly submitted, the jury passing upon them.   It, therefore, follows that the court could not have given binding instructions for the defendant and that it would not have been proper to enter judgment for the defendant non obstante veredicto.

The assignments are all overruled.   The judgment is affirmed.