## Weinstein *v.* Gelishansky, Appellant.

*Appeals — Assignments of error — Several questions in one assignment.*

An assignment of error which groups the refusal of three points for charge in one assignment, is contrary to Rule 14, and will not be considered.

*Malicious prosecution—Discontinuance of prosecution—Burden of proof.*

The discontinuance of a prosecution upon the payment of half of the costs by each party is such a termination of the proceeding before the magistrate as will raise a presumption of want of probable cause, and shift the burden of proof to the defendant in a subsequent action for malicious prosecution.

*Malicious prosecution—Malice—Collection of debt.*

Where one institutes criminal proceedings without probable cause for the purpose of collecting a debt or otherwise coercing the person arrested or sued, he is prima facie guilty of malice.

Submitted Nov. 2, 1916.  Appeal, No. 64, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1916, No. 178, on verdict for plaintiff in case of Joseph Weinstein v. Alex. Gelishansky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass for malicious prosecution.
The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $90.  Defendant appealed.

*Errors assigned* were in the following form:

1. The learned court erred in refusing to affirm defendant's seventh, eighth and ninth points, which were as follows:

"(a) More than a mere dismissal by the justice of

38, (1917).]    Assignment of Errors—Opinion of the Court.

the peace must be proved and that, standing alone, is no evidence of want of probable cause.

"(b) A record of a justice of the peace showing a discontinuance of a criminal prosecution, with the infliction of costs upon both prosecutor and defendant in equal amount, is no evidence of the want of probable cause; but, on the contrary, is evidence of probable cause.

"(c) Under all the evidence in this case the verdict of the jury must be for the defendant."

2. The learned court erred in not granting the defendant's motion for judgment non obstante veredicto.

*William Linton* and *Harry A. Mackey,* for appellant, cited as to the effect of the discontinuance: Shock v. M'Chesney, 2 Yeates 475.

*J. Austin Wolfe* and *Henry J. Scott,* for appellee, cited as to discontinuance: Murphy v. Moore, 11 Atl. Rep. 665; Barlight v. Tammany, 158 Pa. 545.

OPINION BY WILLIAMS, J., March 13, 1917:

In an action of malicious prosecution the evidence was that the parties were junk dealers, operating independently; that in April or May of 1915 they went out in Weinstein's wagon to buy junk and stopped at the place of business of William E. Supplee, who offered to sell a lot of empty bottles.   Weinstein agreed to buy them for $10.   Gelishansky, upon the request of Weinstein, gave Supplee $5 on account of the purchase, and about two weeks later Weinstein returned, paid the balance, took the bottles away and sold them.   Subsequently, Gelishansky, claiming he had bought them, had Weinstein arrested on a charge of obtaining goods under false pretenses.   At the hearing before a justice of the peace the case was discontinued upon the payment of half costs by each of the parties.

The jury rendered a verdict for the plaintiff and the

court below refused defendant's motion for judgment n. o. v.

The first assignment of error will not be considered. It raises more than one question and groups the refusal of three points for charge in one assignment, contrary to Rule 14.

The second assignment is to the refusal of judgment n. o. v. The appellant argues that the discontinuance of the prosecution upon the payment of half of the costs by each party is not such a termination of the proceeding before the magistrate as would raise a presumption of want of probable cause and shift the burden of proof to him.

This contention cannot be sustained. A discharge by a magistrate with, or without, a hearing, is prima facie evidence of want of probable cause, and casts upon the defendant the burden of showing probable cause, unless it appears from the plaintiff's testimony: Heide v. Baltimore & Ohio R. R. Co., 40 Pa. Superior Ct. 590; Ritter v. Ewing, 174 Pa. 341. In Murphy v. Moore, 9 Sadler 64, it was held that a criminal proceeding is terminated by the entry of a nolle prosequi. The discontinuance of a prosecution is not strictly a nolle prosequi; it is, however, a termination of the case and a discharge of the prisoner. In Kinsey v. Wallace, 36 Cal. 462, the division of costs was held to be such a termination.

The court left to the jury the question of whether the defendant was actuated by malice in having the plaintiff arrested. Malice is the doing of a wrongful act without just cause or excuse, and in malicious prosecution by the term malice is meant any indirect motive of wrong. It may be any motive other than that of simply instituting a prosecution for the purpose of bringing a person to justice: Ruffner v. Hooks, 2 Pa. Superior Ct. 278. Where one institutes criminal proceedings without probable cause for the purpose of collecting a debt or otherwise coercing the person arrested or sued, he is prima facie guilty of malice: MacDonald v. Schroeder, 214 Pa. 411;

Squires v. Job, 50 Pa. Superior Ct. 289. Gelishansky, having denied any purpose of serving the ends of justice in instituting the prosecution, the jury might well have found that his motive was to collect what he thought Weinstein owed him.

The judgment is affirmed.