## Matsinger v. Arzoomania, alias Ardash, Appellant.

*False arrest—Evidence—Sufficiency—Damages—Punitive damages.*

In an action for damages for false arrest, the discharge by a magistrate is prima facie evidence of want of probable cause, and casts upon the defendant the burden of showing probable cause.

Upon proof of such discharge the case is for the jury, and the defendant is not entitled to binding instructions.

In such case it is not error for the court to instruct the jury that, if they believe that the charge on which the plaintiff was arrested was made wantonly and maliciously, without probable cause, punitive damages may be awarded.

The jury has a right to take into consideration all the circumstances of aggravation attending such a case, and to assess damages

by way of punishment on defendants for wanton and reckless use of criminal process for the purpose of intimidation and abuse.

Argued October 12, 1926.   Appeal No. 67 October T., 1925, by defendant from judgment of C. P. No. 4, Philadelphia County, June T., 1921, No. 1102, in the case of William Matsinger v. Ardash Arzoomania, alias Arzoomania Ardash.   Before PORTER, HENDER-SON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for malicious prosecution.   Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1500.00.   Subsequently the court filed a remittitur for all sums in excess of $1,000.00, and judgment was entered thereon. Defendant appealed.

*Error assigned* was the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*William A. Carr*, and with him *Sidney L. Krauss*, for appellant.—Where there was probable cause, based upon reasonable grounds, for the arrest of the plaintiff, the latter is not entitled to recover damages for malicious prosecution: Stoner v. Rawalski, 66 Pa. Superior Court 28; Coyle v. Snellenburg, 30 Pa. Superior Court 246; Seibert v. Price, 5 W. & S. 438.

*John Weaver*, and with him *Russell Conwell Cooney*, for appellee.—There were no reasonable grounds for the defendant to cause the arrest of the plaintiff: Mac-Donald v. Schroeder, 214 Pa. 411; Weinstein v. Geli-shansky, 66 Pa. Superior Court 38; Orr v. Seiler, 1 Penny. 445 (P. & L. D. of D., Vol. 11, Column 19, 424).

OPINION BY GAWTHROP, J., November 13, 1925:

This is an action of trespass for false arrest and malicious prosecution, which resulted in a verdict and judgment for plaintiff. But two questions are raised by the assignments of error: (1) The failure of the court below to enter judgment n. o. v.; (2) The instructions in the charge on the subject of punitive damages.

1. Viewed in the light most favorable to plaintiff, the evidence warrants the following statement of facts: Plaintiff had done some work for defendant and went into his restaurant and asked him to pay the bill. Defendant replied: "How much is the bill?", and produced a roll of bank notes and laid out on the counter before plaintiff $30. Plaintiff picked it up and, noticing that there was $30, while the amount of the bill was less than $25, returned $5 to defendant, still retaining $25, and told defendant that the amount of the bill was $22.55 and that, if he would get his bill, he, plaintiff, would receipt it and give him the change. Defendant answered that the amount of the bill was $21.65. An argument started over the amount of the bill; whereupon, defendant jumped upon plaintiff, grasped him around the neck and attempted to choke him. In the meantime defendant's brother appeared with a butcher knife in his hand and defendant sent another man out for police officers. When the officers arrived, defendant informed them that plaintiff had attempted to rob him and commanded plaintiff's arrest. The officers took him to a police station for a hearing, where defendant testified that plaintiff came into his place of business, tried to grab some money and attempted to run out of the restaurant. After defendant took the stand and testified, the charge of attempted robbery was dismissed and plaintiff was discharged. The evidence was sufficient to warrant a finding by the jury that defendant's action in causing plaintiff's arrest was not based upon reasonable and probable cause, that there was no appearance of plain-

tiff's guilt of the offense charged, and that there was a deliberate purpose to oppress. The discharge by the magistrate is prima facie evidence of want of probable cause and cast upon defendant the burden of showing probable cause: Weinstein v. Gelishansky, 66 Pa. Superior Ct. 38. The jury were at liberty to infer malice from want of probable cause. Clearly, the case was for the jury and defendant's point requesting binding instructions could not be affirmed.

2. The complaint that the charge of the learned trial judge was erroneous on the subject of punitive damages is confined to the following language: "If you think the charge is not only malicious and without probable cause, but also made wantonly and recklessly, and especially if you think it is made falsely or with an amount of exaggeration which amounts to falsity, then you have a right to allow punitive damages, or smart money to teach a defendant who would do a thing of that kind a lesson, to let him know that he cannot use the machinery of justice to inflict such wrong as that simply out of wantonness and recklessness. In fixing that amount you should not go wild in the amount you will give for smart money, if you do give anything of that kind." This statement of the law is substantially accurate. It is settled by a long line of decisions that the jury has a right to take into consideration all the circumstances of aggravation attending such a case and to assess damages by way of punishment on defendants for wanton and reckless use of criminal process for the purpose of intimidation and abuse. The jury was warranted in concluding from the evidence before them not only that defendant well knew that there was no probable cause for charging plaintiff with an attempt to rob him, but that his purpose was simply to maliciously harass and injure him. They were correctly instructed

that such conduct by defendant justified the imposition of punitive damages.

All of the assignments of error are overruled, and the judgment is affirmed.