## Commonwealth v. Ewanko

David G. Joyce, for Commonwealth.
John E. Caputo, for defendants.

KLEIN, J., September 29, 1975—The matters before us are appeals from summary convictions for criminal trespass under section 3503 of the Crimes Code, 18 P.S. §3503(b)(1)(i) and (ii). Defendant, Griffith, is charged with two counts and defendant, Ewanko, with three counts. All charges against both defendants were properly consolidated for hearing.

The essential facts are not in dispute. With one exception, which we will discuss hereinafter, defendants, while standing on a public bridge over the Big Sewickley Creek, a natural stream, cast fishing lines into the water, downstream, at a point where the land on both sides of the creek as well as the creek bed are owned by the prosecutrix. The property is properly posted against trespassing and, in addition, the prosecutrix orally requested defendants to cease their above-stated activities on the respective occasions alleged. The bridge is part of a public road running between Economy Borough, Beaver County, and Bell Acres Borough, Allegheny County. The boundary line between the two counties in this area is the center line of the creek bed. The Pennsylvania Fish Commission had stocked the stream with thousands of trout at a point one mile upstream from the bridge. The bridge is approximately two miles from the mouth of the stream which is a tributary of the Ohio River. Although the Ohio River is a navigable stream, it is conceded by defendants that the Big Sewickley Creek is not navigable.

## II.

There being no dispute as to the facts, the legal issue before us is whether the evidence is sufficient to sustain a verdict of guilty beyond a reasonable doubt. The statute, being penal, must be strictly construed.

The Commonwealth rests its argument primarily upon a Pike County case which is squarely on point or, as the legal saying goes, is "on all fours" with the facts of the instant cases. The Pike County case is a recent one having been decided on November 5, 1974. The entire opinion and order is so brief that we set it out in full, the case being the case of Commonwealth v. Kyzer, May term, 1973, no. 44, where it was held:

". . . the Court finds the defendant, Ronald Kyzer, guilty of trespassing in that he was fishing on lands of Blooming Grove Rod and Gun Club while standing on a public bridge and casting his line downstream of the bridge. The Court had reserved decision for purposes of determining the law in relation to streams.

"The Court cites its authority of law: Commonwealth ex rel. vs. Foster, 36 Pa. Superior Ct. 433 (June 15, 1908) and Commonwealth vs. George, et al, 7 Lehigh 239 (June 4, 1917)."

We must, however, respectfully disagree with the learned Pike County court because it manifestly rested its decision on the two cases cited therein and our review of those cases requires us to conclude that the facts of those cases are clearly distinguishable.

The crucial factual difference is that in both the Foster and George cases, the defendant-fishermen

were standing on the prosecutor's lands and not on a public bridge.

In the Foster case, it is set out that:

". . . the defendant . . . entered the creek at the crossing of the highway and keeping within the banks of the stream, *followed its bed (fishing) through complainant's premises.*" (Emphasis supplied.)

And, in the George case, the facts were that:

"The defendants . . . while whipping the middle of a stream fishing . . . *finally reached the lands* of Mrs. Sefing. . . ." (Emphasis supplied.)

The Commonwealth also cited the case of Southwest Pennsylvania Pipe Lines v. Rodgers Sand Company, 43 Pa. Superior Ct. 524 (1910). The Southwest case is wholly inapposite.

In all fairness, we must also point out that in the Foster case, supra, there was evidence that several public bridges were constructed over the stream but defendants were not fishing from a public bridge. Such testimony was introduced to support defendant's claim that the stream had been made public. By an act of the legislature, (Act of June 3, 1895, P.L. 130) the State was required to rebuild certain county bridges "over and across navigable rivers and such other streams as have been declared public highways by an Act of Assembly." The court merely held that the fact that the State had built bridges over the stream did not affect the question at issue one way or the other.

The applicable criminal statute provides:

"A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

"(i)  actual communication to the actor; or

"(ii)  posting in a manner prescribed by law or reasonably likely to come to the attention of intruders."

Instantly, we are unable to find that defendants violated said statute. Defendants entered and remained upon a public bridge. The notice posted would apply only to the lands owned by the prosecutrix.

In addition, by way of dicta, we point out that the Fish Law of December 15, 1959, P.L. 1779, provides in section 254 thereof (30 P.S. §254) as follows:

"Any natural stream or lake in this Commonwealth, which has been or may be stocked with fish furnished by the Commonwealth or the Commission, shall be open to the public for the purpose of lawful fishing, but nothing in this section shall be so construed as to free any person trespassing on the lands of any person in this Commonwealth from liability for any damage he may do to said lands or the improvements thereon or to any crops or livestock or poultry thereon."

No statute, ordinance, or regulation making it unlawful, per se, to fish from a public bridge has been brought to our attention nor are we aware of any.

We recognize, of course, the serious question of constitutionality with respect to said section 254 and the fact that the Attorney General has rendered an opinion that it is unconstitutional. However, we need not reach that issue, since we have found as a fact that defendants did not trespass on any lands.

## III.

As to one of the offenses alleged against defend-

ant, Ewanko, the evidence establishes that he was standing "under" the bridge when he cast his line downstream. However, he cannot be convicted of said offense for two reasons. First, the evidence fails to establish that he was then standing on the complainant's posted land. Mrs. Semak described her property as running "from" the bridge downstream. Second, even if it was established that Ewanko was on such posted property, we could not find him guilty because Mrs. Semak's testimony placed him on the Allegheny County side of the stream and venue would not lie in Beaver County.

IV.

In conclusion, we deem it advisable, although not essential, to point out that we are deciding only that defendants are not guilty of criminal trespass as proscribed by section 3503 of the Crimes Code.

For these reasons, we make the following

ORDER

And now, September 29, 1975, we adjudge both defendants, Philip Ewanko and Ebert Griffith, not guilty on all counts.