LEHIGH FALLS FISHING CLUB,
Appellant (at 1337),

·v.

John ANDREJEWSKI, Appellee.

Lehigh Falls Fishing Club, Appellee,

v.

John Andrejewski, Appellant (at 1338).

Superior Court of Pennsylvania.

Argued March 18, 1999.
Filed July 26, 1999.

Martin J. Karess, Allentown, for Lehigh Falls Fishing Club.

Eugene C. Kelley, Wilkes-Barre, for John Andrejewski.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HESTER, J.:

¶ 1   Lehigh Falls Fishing Club appeals the trial court's determination that the Lehigh River is a navigable waterway.[1]   We affirm.

¶ 2   The underlying facts are not complicated.   Appellant leases land through which the Lehigh River flows.   The land is approximately ten miles north of the Francis E. Walter Dam, in Buck Township, Luzerne County.   Appellant was formed in the 1960s as a fly fishing club, and it stocks the portion of the river located between its land with fish.

¶ 3   In spring 1995, John Andrejewski, Appellee, began fishing on the portion of the river located through Appellant's land and refused to leave.   He accessed the

---

1.   Appellee has cross-appealed from the trial court's evidentiary ruling that he could not introduce records of Josiah White, who was one of the parties in the *Shrunk* case that is discussed *infra*, regarding his company's use of the Lehigh River to transport goods.   However, as we have affirmed the trial court's conclusion that the Lehigh River is navigable, we need not address that issue.

Lehigh River by crossing lands co-owned by his father. Members of Appellant told him that he was not permitted to fish in the portion of the Lehigh River located through their land, but Appellant, who believed that the river was within the public domain, refused to leave.

¶ 4 Appellant, without joining the Commonwealth of Pennsylvania as a party,[2] instituted this action, seeking a declaration that the two-mile portion of the Lehigh River located through its land is not navigable and thus, not owned by the Commonwealth and instead, is its own private property. The trial court issued an injunction, ordering Appellee to stop fishing the Lehigh River at the disputed location. We reversed, concluding that there was no indication it was likely Appellant would prevail on the merits in this action.

¶ 5 The action proceeded to a hearing where Appellant presented substantial evidence regarding the navigability of the portion of the Lehigh River located between its land. This appeal followed the trial court's determination that under the law, the Lehigh River has been determined to be a navigable waterway and therefore, is owned by the Commonwealth and held in trust for public use. This appeal followed.

¶ 6 On appeal, the Department of Conservation and Natural Resources of the Commonwealth of Pennsylvania, the Department of Environmental Protection of the Commonwealth of Pennsylvania, the Pennsylvania Fish and Boat Commission, and The Pennsylvania Federation of Sportsmen's Clubs have all filed *amicus curiae* briefs. The former two entities filed a joint brief, and the latter two entities also filed a separate, joint brief. All four *amici curiae* support the trial court's

conclusion that the Lehigh River is a navigable waterway.

■■■ ¶ 7 Initially, we note that all parties agree that under the law, navigable waterways located in Pennsylvania are owned by the Commonwealth and are held in trust for public use, while the beds of non-navigable waterways are owned by the property owners of the land along the waterways. Thus, the owners of land along the banks of navigable rivers in Pennsylvania do not have the exclusive right to fish in those rivers; that right is vested in the Commonwealth and open to the public. *Shrunk v. Schuylkill Navigation Co.*, 14 Serg. & Rawle 71 (1826). Thus, the question presented is whether the Lehigh River is navigable. If it is, Appellee has the right to fish in the portion of the Lehigh River located through Appellant's land.

¶ 8 The question presented in this case was decided early in the history of this Commonwealth. Indeed, it appears that the *Shrunk* case itself decided that question by declaring the following rivers to be public rivers: the Ohio, Monongahela, Allegheny, Susquehanna, the Juniata, Schuylkill, Lehigh and Delaware. A reprint of the *Shrunk* case appended to the brief of the Departments of Environmental Protection and Conservation indicates that the Lehigh River was among the rivers declared to be navigable, public rivers in Pennsylvania. The version of the *Shrunk* case appended to that brief states at page 79 (emphasis added; italics in original):

I consider it as settled in *Pennsylvania,* by the decision *Carson v. Blazer* [2 Binn. 475 and *Cates v. Wadlington,* 1 McCord's Rep. 580], that the owners of land on the banks of the *Susquehanna*

2. As the issue involved in this case is whether the Lehigh River is a navigable river owned by the Commonwealth and open to the public, the Commonwealth apparently would be an indispensable party. The trial court indicated that it considered it as such and cited Appellant's failure to join the Commonwealth as further grounds for finding in favor of Appel-

lee. Since we have the benefit of the Commonwealth's position as *amicus curiae* on appeal, this omission appears to be less serious. Furthermore, this issue has been routinely addressed in cases involving private parties where the Commonwealth has not been a party.

and other principal rivers, have not an exclusive right to fish in the river immediately in front of their lands, but that the right to fisheries in these rivers, is vested in the state, and open to all. It is unnecessary to enumerate at this time the rivers which may be called principal, but that name may be safely given to the *Ohio, Monongahela, Youhiogeny, Alleghany, Susquehanna,* and its north and east branches, *Juniata, Schuylkill, Lehigh, and Delaware.*

¶ 9  In 1910, we quoted the same portion of the *Shrunk* case in *Southwest Pennsylvania Pipe Lines v. Rodgers Sand Co.,* 43 Pa.Super. 524, 525–26 (1910), and the Lehigh River did appear in the quotes, as follows (emphasis added):

It was said in Shrunk v. The President, etc., of the Schuylkill Navigation Co., 14 S. & R. 71, by Mr. Chief Justice TILGHMAN (p. 79): "I consider it as settled in Pennsylvania, by the decision *Carson v. Blazer,* 2 Binney, 475, that the owners of land on the banks of the Susquehanna and other principal rivers have not an exclusive right to fish in the river immediately in front of their lands, but that the right to fisheries, in these rivers, is vested in the state, and open to all. It is unnecessary to enumerate at this time the rivers which may be called principal, but that name may be safely given to the Ohio, Monongahela, Youghiogeny, Allegheny, Susquehanna, and its north and east branches, Juniata, Schuylkill, Lehigh, and Delaware."

¶ 10  It is true that in the third edition of volume fourteen of the Sergeant and Rawle reports published in 1874 by The George T. Bisel Company, the Lehigh River is omitted from the list of principal rivers mentioned. Appellant maintains:

[T]he lower court has erred as a matter of law in finding that Pennsylvania Courts long ago pronounced the Lehigh River to have met the test for navigability. Specifically, the court's citation to *Shrunk v. Schuylkill Navigation Company,* 14 S. & R. 71 (1826), is inappropri-

ate. A copy of that case was previously introduced in this matter and contained a reference on page 79 to the "Lehigh" in the list o[f] principal rivers identified by the Supreme Court of Pennsylvania. That copy of the *Shrunk* case, however, is from the unofficial reporter, published by Sergeant & Rawle, Supreme Court reporters. The opinion was officially printed in a revised and corrected version in the official Supreme Court Reporter at Volume XIV.

Appellant's brief at 26.

¶ 11  However, there is no indication that the version of the *Shrunk* case reprinted in 1874 is correct. The Pennsylvania State Reports start in the year 1845. Volume fourteen of the state reports concern matters decided in 1850. Thus, we cannot accept Appellant's position that the copy of the *Shrunk* case appearing in the third edition is the true and official text of that decision. We cannot discern which edition of volume fourteen of Sergeant and Rawle reporter was quoted by us in 1910 nor are we able to ascertain what edition of that volume is copied in the Departments' brief. Sergeant and Rawle reported the Supreme Court cases in 1826. There obviously is a discrepancy in the published editions of the reports of Sergeant and Rawle, the only reporters of which we are aware to report the Supreme Court decisions in 1826, for the *Shrunk* case. There simply is no way to be completely certain whether the Lehigh River was included without looking at the original printing of the case.

¶ 12  However, we nontheless believe that the original *Shrunk did* include the Lehigh River for the following reasons. First, in 1910, we quoted the *Shrunk* case and *included* the Lehigh River as among the rivers declared to be public rivers by the Court. Second, it is much more logical to conclude that the third edition published in 1874 incorrectly omitted one of the rivers than that the river inadvertently was included in other editions. It is unlikely that in 1874, fifty years after the 1826

*Shrunk* case originally was published, people were alive to "correct" and delete the Lehigh River from the quoted language.

¶ 13 Furthermore, we need not rely solely upon *Shrunk* to conclude that the Lehigh River is one of the principal rivers in this Commonwealth and thus, open to the public. In two other cases, our Supreme Court determined that the Lehigh River was navigable. We first discuss *McKeen v. Delaware Division Canal Co.*, 49 Pa. 424 (1865). The opinion begins with the observation, "[T]he navigation of the river Lehigh was improved under two acts of the legislature." *Id.* at 432. The improvements were made by certain individuals, to whom the state then granted rights to use the water "to propel machinery, and to sell to others to be used." *Id.* Thus, at the time of the decision, the river was being used to propel machinery. The plaintiffs in *McKeen* had the right to use the river to propel the machinery and instituted the action against other individuals who were operating dams downstream, to the detriment of the plaintiffs' business. The defendants operated the dams by virtue of a grant from the Commonwealth.

¶ 14 The Court in *McKeen* was faced with deciding the Commonwealth's rights to the Lehigh and Delaware Rivers. *Id.* at 433. It first observed that the Commonwealth owns all rivers considered navigable, relying on the case law cited *supra*. It stated,

> Beginning with *Carson v. Blazer*, 2 Binn. 475, and running through a long line of decisions too numerous to be cited, [Pennsylvania's] courts have maintained [the doctrine that the state owns all of its navigable waterways], and with it the absolute power of the Commonwealth over navigable streams for their improvement as great highways for the people.

*Id.* Our Supreme Court continued:

> [A]s early as the 7th of March 1774, the legislature, after reciting the great importance of the improvement of the navigation in rivers, declared both the Delaware and *Lehigh* to be common highways for the purposes of navigation up and down the same: 1 Smith's L. 322. Indeed, the *Lehigh* had been long known as the West Branch of the Delaware, and was thus designated in the title and enactment of the Act of March 14th 1761: 1 Id. 231. *Its character, as one of the navigable streams of the Commonwealth* was again recognized in the Act of March 23d 1803, excepting the Delaware, Lehigh, and Schuylkill from the authority given to erect dams over navigable streams.

*Id.* at 434 (emphases added).

¶ 15 The Court then specifically upheld these statutory pronouncements, concluding that the Commonwealth had control over the Delaware and the Lehigh as navigable waters and could enact legislation for their improvement. Thus, the Court held that the defendants could erect a dam, pursuant to authority given them by the Commonwealth, over the Lehigh River. The Court rejected the plaintiffs' claim that the backwater created by the dam, which raised the water level on their land *that was located on the Lehigh River*, caused damages for which they could be compensated. In rejecting the plaintiffs' damages claim our Supreme Court stated:

> Everyone who buys property *upon a navigable stream* purchases subject to the superior rights of the Commonwealth to regulate and improve it for the benefit of all her citizens. If, therefore he chooses to place his mills or his works, for the qualified use which he may make of the water, within the limits or influence of high water, he does so at his own risk, and cannot complain when the Commonwealth, for the purpose of improvement, chooses to maintain the waters of the stream at a given height within its channel.

*Id.* at 440 (emphasis added). Thus, *McKeen* held that the Lehigh River was a navigable stream owned by the Commonwealth for the public trust and that the

defendants, by virtue of their Commonwealth grant, had the right to erect a dam on it.

¶ 16 The navigability of the Lehigh River was further addressed in *Fulmer v. Williams*, 122 Pa. 191, 15 A. 726 (1888). In that case, the plaintiff owned a factory located on land on the west bank of the Lehigh River. He used the water from the river for power. The defendant owned a quarry along the river and had diverted the water by dumping stone in the river, and the plaintiff was no longer able to power his factory with the river water. The Court stated, "The Lehigh river is a navigable stream, a public highway." *Id.*, 122 Pa. at 205, 15 A. at 727. It then went on to address issues pertaining to the rights of riparian owners along navigable streams.

¶ 17 Appellant's position is that the *McKeen* and *Fulmer* cases are not relevant since they only interpreted statutes pertaining to the improvement of the Lehigh River. It is incorrect. In *McKeen*, the statutes in question stated that the Lehigh River *was* a navigable stream owned by the Commonwealth for the public. In *McKeen*, the Court *accepted* that statutory declaration as indicative of the true state of Lehigh River. The holding that the Commonwealth, in fact, did have ownership over the Lehigh River was central to the decision in *McKeen*. *Compare Commonwealth v. Foster*, 36 Pa.Super. 433 (1908) (the legislature does not have the power to take a waterway that is not navigable and make it public property by declaring that it is navigable by statute).

¶ 18 In *Fulmer*, the Court stated outright that the Lehigh River was a navigable stream and then went on to address the rights of riparian owners in navigable streams.

¶ 19 Thus, the Lehigh River has been determined to be a navigable river by our Supreme Court. Regardless of the age of the precedent, it is precedent. *See Poor v. McClure*, 77 Pa. 214 (1874) (indicating that once the question of a waterway's navigability has been determined by the Court, the issue is settled).

¶ 20 Appellant attempts to overcome these cases by pointing out that different sections of the Lehigh River were being examined. We find this fact to be irrelevant. Rivers are not determined to be navigable on a piecemeal basis. It is clear that once a river is held to be navigable, its entire length is encompassed. Appellant owns land along the Lehigh River, which has been declared to be navigable by our Supreme Court.

¶ 21 Appellant correctly notes that the test for navigability is whether a river is navigable in fact. *Pennsylvania Power & Light Co. v. Maritime Management, Inc.*, 693 A.2d 592 (Pa.Super.1997). It then points to the considerable evidence that it presented regarding the depth and navigability of the portion of the Lehigh River located through its land. It presents compelling argument, based on evidence provided from engineers, that it is not possible, in fact, to navigate the Lehigh River between the Francis E. Walter Dam and a waterfall located upriver from its land.

¶ 22 However, we cannot piecemeal by piecemeal re-examine the navigability of an acknowledged public waterway. The relevant case law necessarily is old since the issue of what rivers are public rivers became important early in the history of our Commonwealth. The Lehigh River unquestionably historically has been considered by our Supreme Court as a navigable, public waterway. Since Appellant's land is on the Lehigh River, the public has the right to fish on the portion of the river located through its land.

¶ 23 Order affirmed.