# Sykes, Appellant, *v.* Thornton.

*Evidence—Witness—Opinions as to values—Expert—Replevin—Findings of fact.*

1. On an issue in replevin tried before a referee to determine the value of looms and similar machinery, a party defendant who has had large experience in the manufacture of textile goods and who has bought, used and sold looms and similar machinery may express an opinion as to value, and the referee may base his findings thereon although several witnesses for the plaintiff testify to a lower valuation.

2. To successfully challenge the findings of a referee, it is not enough to point to evidence sufficient to support a different finding. It must be shown that there is no evidence sufficient to sustain the referee's findings, and this is especially so after they have been considered and approved by the court below.

Argued Jan. 14, 1909. Appeal, No. 296, Jan. T., 1908, by plaintiffs, from order of C. P. No. 3, Phila. Co., Sept. T., 1903, No. 2,838, dismissing exceptions to report of referee in case of Walter R. Sykes et al., copartners trading as Sykes Brothers, v. William Thornton et al., committee of creditors of estate of M. J. Galbraith, deceased, and James H. Lee, the person found in possession of the goods and chattels. Before MITCHELL, C. J.; FELL, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to the report of William Gray Knowles, Esq., the referee.

The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to report of referee.

*Samuel P. Tull,* for appellants, cited: Graham v. Pennsylvania Co., 139 Pa. 149.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellees, cited: Betz v. Hummel, 13 Atl. Repr. 938; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Brindle v. Adams, 3 W. N. C. 5; Pure Oil Co. v. Terry, 209 Pa. 403.

OPINION BY MR. JUSTICE STEWART, March 1, 1909:

The assignments of error bring nothing to our attention which can properly be made the subject of review, with perhaps a single exception. The case was tried before a referee. The plaintiffs having admitted that the superior right to the goods they had replevied was in the defendants, nothing remained for the referee but to assess the damages resulting from the taking. The goods consisted of looms and other like machinery adapted to the manufacture of textile fabrics, in place and employed when seized. Defendants called but a single witness on this branch of the case. No objection was made to the competency of this witness until the close of his testimony, when a motion was made to strike it out on the ground that the opinion expressed by the witness, as to the value of the goods, was not based on any special or peculiar knowledge of the subject. We do not find that the referee made any direct ruling on the motion; but he makes it clear in his discussion of the case that he gave the testimony of the witness full consideration, and allowed it no little weight. This is assigned for error. We need only say that he would have committed no error had he specifically refused the motion. The witness was clearly competent to express an opinion as to the value of the goods. He was not only a party defendant, but his testimony shows that he had large experience in the manufacture of textile goods and that he had bought, used and sold machinery such as this. Whether technically an expert or not, his testimony shows that he was possessed of knowledge on the particular matter that was being inquired into, which abundantly qualified him to express an intelligent opinion. With the witness's competency established, it was exclusively for the referee to determine what weight should be allowed his testimony. The plaintiffs called several witnesses in reply, each of whom testified to a much lower value than that claimed by the defendants. It is complained that the

award is not only excessive, but is in open disregard of the weight of the evidence. Into the merit of this complaint we cannot inquire. The award is admittedly within the amount testified to by defendants' witness as to the actual value of the goods. It has support, therefore, in the evidence, and this circumstance is conclusive against the plaintiffs. It has as well the approval of the court below. The rule in such case is thus stated in Philadephia Company v. United Gas Improvement Company, 180 Pa. 235: "To successfully challenge the findings of a referee, it is not enough to point to evidence sufficient to support a different finding. It must be shown that there is no evidence sufficient to sustain the referee's findings; and this is especially so after they have been considered and approved by the court below."

The assignments of error are overruled, and the judgment is affirmed.