## McMillen, Admr., Appellant, *v.* Strathmann, Jr., Admr.

*Negligence—Automobile—Collision with pedestrian — Children crossing street—Control of car—Speed.*

1. Although the driver of an automobile truck upon seeing a child run across the street is bound to use care, he is not bound to anticipate that the child will run back across the street in front of the truck.

2. In an action for injuries to a child by being struck by an automobile truck while attempting to cross the street in the middle of the block, the trial judge properly instructed the jury that the driver was not compelled at all times to run so slowly that he could stop instantly, but that it was his duty to bear in mind that children are apt to run into the street and to keep his machine under control so as to be able to stop in a reasonable time in an emergency, and that if he saw the danger in time he should so control his car as to stop and avoid the accident.

3. In such a case it is proper to instruct the jury that "unless you find that the automobile truck of the defendant was being driven at the time of the accident at an excessive and dangerous rate of speed, or that the boy was standing or playing in the roadway a sufficient length of time for the driver to have seen him and stopped, then the verdict must be for the defendant."

*Practice, Supreme Court—Appeals—Errors by trial judge in commenting on testimony—Necessity of calling judge's attention to the mistake.*

4. Mistakes made by the trial judge in the statement of the testimony to the jury cannot be taken advantage of on appeal where his attention was not called thereto at the time, since a party

may not sit silent and take his chance of a verdict, and then, if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless.

*Practice, Supreme Court—Assignments of error—Charge of the court.*

5. The Supreme Court will not consider a complaint that the charge of the court was inadequate, where the charge is not quoted in the assignment of error.

*Evidence—Conversation—Res gestæ—Narration of past event.*

6. Evidence as to a conversation between a witness and the driver of an automobile is incompetent in an accident case, where the circumstances are not brought out so as to show whether it was a part of the res gestæ or the narration of past events.

Argued Jan. 21, 1919. Appeal, No. 142, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1917, No. 6158, on a verdict for defendant in case of William McMillen, Administrator of the Estate of John McMillen, deceased, v. Henry E. Strathmann, Jr., Administrator of the Estate of Henry E. Strathmann, deceased. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Trespass for the death of a child caused by being struck by an automobile truck. Before MARTIN, P. J.

The verdict was for defendant and judgment was entered thereon.

The court overruled the plaintiff's motion for a new trial. Plaintiff appealed.

*Errors assigned* were instructions to the jury, and rulings on evidence.

*William Linton,* for appellant.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 17, 1919:

This is an action of trespass for personal injuries. At the time in question John McMillen was five and one-half years of age and resided with his parents in Philadelphia on the west side of Amber street, which was of the width of forty feet with a paved cartway twenty feet wide in the center thereof. On the afternoon of November 19, 1917, John left his yard and ran across the street to the east curb where there was another small boy, and then turned and ran back across the street and as he did so was struck by a northbound autocar truck owned by Henry E. Strathmann, now deceased. The truck was heavily loaded with sand, and the boy was so injured that he died in six days. This suit brought before his death, alleged negligence on behalf of the driver of the truck. The appeal is by plaintiff from judgment entered on a verdict for the defendant. We find no error in the record. Unfortunately the child ran in front of the truck when it was close upon him, but the evidence tending to show negligence of the driver was very meagre. The truck was not running more than ten or twelve miles an hour and was stopped within less than its length. It was some forty feet away when the boy first crossed the street and there is no contradiction of the driver's evidence that he then sounded his horn. Although required to use care he was not bound to anticipate that the boy would run back across the street in front of the truck, but when he attempted to do so the driver turned to the left and tried to avoid the accident. It was in the middle of the block and no other vehicle near, and the trial judge properly instructed the jury that the driver was not compelled at all times to run so slowly that he could stop instantly, but that it was his duty to bear in mind that children are apt to run into the street and to keep his machine under control so as to be able to stop in a reasonable time in an emergency, and in effect that if he saw the danger in time he should have so controlled his car as to stop and avoid the accident.

The instruction was also proper that the burden of proof was upon plaintiff and that defendant was not liable unless the evidence convinced the jury that the accident resulted from the driver's negligence, and unless he neglected something he should have done there could be no recovery. The only evidence that might seem to suggest negligence was as to the speed of the truck and failure to stop in time to avoid the accident, so the affirmance of defendant's third point, "Unless you find that the automobile truck of the defendant was being driven at the time of the accident at an excessive and dangerous rate of speed or that the boy was standing or playing in the roadway a sufficient length of time for the driver to have seen him and stopped, then the verdict must be for the defendant," was not error.

There was some divergence in the evidence as to how near the truck was to the boy when he started back across the street; statements of witnesses as to that vary from perhaps five to twenty-five feet. John A. Ball testifies as to that and other distances, and in commenting upon his testimony the trial judge was in error in one or two particulars; but his attention was not called thereto at the time and it is now too late. "A party may not sit silent and take his chances of a verdict, and then if it be adverse, complain of a matter which if an error would have been immediately rectified and made harmless": Commonwealth v. Razmus, 210 Pa. 609; Nowlis v. Hurwitz, 232 Pa. 154; Reznor Mfg. Co. v. B. & L. E. R. R., 233 Pa. 369. The charge did not minimize plaintiff's evidence nor unduly magnify that for the defendant; and, as it is not quoted in the assignment of error, we cannot consider the complaint that it was inadequate. As the verdict was for the defendant, instructions going only to the amount of damages become immaterial.

Plaintiff asked his witness, Charles H. Paul, as to a conversation between himself and defendant's driver, objection to which was sustained. Such conversation was

competent if part of the res gestæ and material to the case.  The circumstances were not brought out so as to show whether it was a part of the occurrence or the narration of past events; if the latter it was not competent. "If......the transaction is complete and ended, its ending marks the limitation of the res gestæ of the event, and declarations subsequent thereto become merely narrative of past matters": from opinion by Mr. Justice Frazer in Leonard v. Balt. & Ohio R. R. Co., 259 Pa. 51, 59.  There was no statement or offer as to the nature of the proposed conversation; the trial judge did not know nor do we that it was relevant to the case.  As the driver, who was a witness for the defense, was not asked in cross-examination about such conversation we may assume that it did not differ materially from his testimony.

We have not found it necessary to consider appellee's contention that a verdict should have been directed for the defendant.

The assignments of error are overruled and the judgment is affirmed.