# Wilhelm v. Uttenweiler, Appellant.

*Practice, C. P.—Trial — Improper remarks of counsel — Withdrawal of juror:*

1. It is discretionary with the trial court to withdraw a juror and continue a case because of alleged improper remarks of counsel.

2. Whether the court abused its discretion in refusing to withdraw a juror is to be determined by the circumstances under which the remarks were made, and by the precautions taken by court and counsel to prevent their having a prejudicial effect.

3. In an action against a junk dealer to recover the value of property purchased by him with alleged knowledge it was stolen, a judgment for defendant will not be reversed because counsel for plaintiff said that there was more thieving in the junk business than any other business, when counsel immediately on objection withdraws the remark, and the court properly warns the jury to pay no attention thereto, and the jury awards merely compensatory damages, where they might have awarded punitive damages.

*Trespass—Purchasing stolen goods—Measure of damages—Evidence—Witness.*

4. In an action against a junk dealer to recover the value of metal parts stolen from a brewery, when during the trial the words "value," "fair value," "market value" and "worth" are used interchangeably to indicate market value, a judgment for plaintiff will not be reversed, where it appears that the case was tried on the theory that the true measure of damages was the cost of replacement, unless defendant was not connected with the larceny, in which event the damage was to be measured by the scrap value.

*Evidence—Experts—Jury.*

5. The weight to be given expert testimony as to value is for the jury.

6. A person having special knowledge of the value of machinery, may be permitted to testify to its cost and value, although he may not be technically an expert.

Argued October 20, 1920.    Appeal, No. 120, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 1495, on verdict for plaintiff, in case of Joseph H. Wilhelm v. Frank Uttenweiler. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass for conversion of goods alleged to have been stolen. Before STONE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing in the opinion of the Supreme Court.

*Meredith R. Marshall* and *Rody P. Marshall,* for appellant.

*Frederick M. Miller,* with him *Hugh S. Craig,* for appellee.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Defendant appeals from a judgment in favor of plaintiff in an action of trespass to recover the value of brass and copper parts of the equipment of plaintiff's brewery, alleged to have been stolen by a third person and purchased by defendant, a junk dealer, with knowledge they were stolen.

The first assignment of error is to the refusal of the trial judge to withdraw a juror and continue the case because of improper remarks made by counsel for plaintiff in his address to the jury. The language complained of was, "you all know that there is more thieving in the junk business than in any other business." That the statement might tend to prejudice defendant in the eyes of the jury cannot well be disputed; the withdrawal of a juror, however, for the reason given, was a matter resting in the sound discretion of the trial judge, and, in determining whether that discretion was abused, the circumstances under which the remark was made may properly be considered (Cook v. Erie Electric Motor Co., 225 Pa. 91; Miller v. Phila. R. T. Co., 231 Pa. 627; Llewellyn v. Wilkes-Barre, 254 Pa. 196), and also the precaution, if any, taken by the court and counsel to remove the prejudicial effects.

The testimony shows defendant's previous indictment for receiving the property in question knowing it to be stolen, to which he made no defense; and, upon being convicted, he was sentenced to pay a fine and costs and undergo a term of imprisonment. He was, however immediately paroled. It was also undisputed that a witness called by the Commonwealth named Pruitt, who had stolen the appliances and sold them to defendant, was at the time serving a term of imprisonment for the offense.

Counsel immediately, upon objection being made to his language, voluntarily withdrew the remark, at the same time requesting the jury to pay no attention to that part of his argument, and the trial judge in referring to the matter said: "Counsel for the defendant, as well as counsel for the plaintiff, in their zeal for their respective sides, have overstepped the mark a little, not enough, however, to my mind, to be sufficient for me to withdraw a juror and continue the case. But I caution you to pay no attention whatsoever to such remarks of counsel on either side, confining your attention solely to the evidence in the case." In view of the frank and unreserved retraction by counsel and the court's caution to the jury, and further, as the verdict indicates, the jury awarded compensatory damages only, where they might have found punitive damages, hence we cannot say the action of the trial judge in refusing to comply with defendant's request was reversible error.

The second assignment is to the ruling of the trial judge in allowing plaintiff to prove the "fair value" of the stolen parts of the brewery equipment instead of the market value. In the course of the trial, counsel and witness, as well as the court in the charge, used the terms "value," "fair value," "market value" and "worth" interchangeably to indicate market value: Hoffman v. Coal Mining Co., 265 Pa. 476. Considering the entire testimony, as well as the court's instructions to the jury, it clearly appears the case was tried on the theory that the true measure of damage was the cost of replacement of the stolen articles, including not only their value but also the expense of putting them in place, unless the jury found defendant was not in any manner connected with the larceny of the parts, in which event the damage would be measured by their scrap value. In view of these facts, this assignment cannot be sustained.

The third assignment complains that a witness produced by plaintiff to prove the value of the stolen articles and the cost of replacing them was incompetent by rea-

son of inexperience to testify to values.    The witness had twenty-four years experience in the brewing business as brewmaster and in purchasing brewing machinery and appurtenances, and had kept in touch with the market value of such equipment.    A person having special knowledge of the value of machinery, mechanical appliances, and other personal property may be permitted to testify to their cost and value though he may not be technically an expert.    His familiarity with the particular articles or with the trade or business for which they were manufactured, sold or used, enables him to estimate the value in a way others could not do: Mish v. Wood, 34 Pa. 451; Sykes v. Thornton, 223 Pa. 589; Stocker v. Schneider, 228 Pa. 149.    The testimony shows the witness had sufficient knowledge of the worth of property of the kind in question to testify to its value; the weight to be given his evidence was for the jury.    The assignment is not sustained.

The remaining assignment is to the refusal of the trial judge to charge, as requested by defendant, that no recovery could be had unless the jury should find defendant either knew the property was stolen or that he instigated Pruitt to steal it.    Assuming they did not so find, it being conceded defendant received the stolen articles he would at least be liable for their scrap value.    The point was properly refused.

The assignments of error are overruled, and the judgment is affirmed.