# Uhr *v.* Davidyan, Appellant.

*Evidence—Expert evidence—Value of rugs—Admissibility.*

In an action of assumpsit to recover the value of a Serape rug, which was sent to a cleaner and not returned to the owner, it is not error to allow a duly qualified expert witness to testify as to the value of the rug, when other evidence as to its condition had been produced.

The plaintiff having proved the condition of the rug, and no objection having been made to the competency of the expert, his evidence was admissible and furnished sufficient foundation for establishing value.

Argued October 21, 1920. Appeal, No. 51, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1919, in favor of plaintiff in case tried by the court without a jury in suit of Louis M. Uhr, Guardian of Bertha Rand, a feeble-minded person, v. Gamaliel K. Davidyan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover the value of a rug. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for the plaintiff for $333.67. Defendant appealed.

*Errors assigned* were various rulings on evidence, as referred to in the opinion of the Superior Court, and the judgment of the court.

*Albert T. Hanby,* and with him *Henry J. Scott,* for appellant.

*H. P. Sundheim,* of *Sundheim, Foltz & Sundheim,* for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff in this action seeks to recover the value of a certain Serape rug, which had been delivered to the defendant for the purpose of cleaning and storage, and which it is alleged he failed to return upon demand. There was, under the evidence produced at the trial, no doubt that the article was a Serape rug, 13' 6" in length x 10' 9" in width, which had been delivered to the defendant to be cleaned and stored. The questions in controversy were, whether the rug had in 1913 been returned to Bertha Rand; and as to the condition of the rug and its value.

The husband of Bertha Rand, who had purchased the rug, in 1908, was dead. The intellect of Bertha Rand had become impaired and she could not testify, and the establishment from which the purchase had been made had gone out of business and its records were not obtainable. The plaintiff produced evidence sufficient to warrant a finding that the rug during the five years after it was purchased, being then new, had been kept in a room which was seldom used, that the rug was in good condition at the time it was delivered to the defendant, and that the latter had failed to redeliver it on demand. The plaintiff called a witness who testified that he had been in the business of buying and selling Oriental rugs, including the kind here involved, for twenty-two years. His competency as an expert does not seem to have been questioned by the defendant and he was permitted to testify without objection that, at the time of the alleged conversion, the cost to the importers of Serape rugs was from $1.50 to $2.50 per square foot and that the retail market price of the cheapest of such rugs was $2.50 per square foot and the better grades were worth $3.50 per square foot. This witness having thus testified in general terms as to the value of such rugs was by plaintiff's counsel asked this question: "Q. Would your opinion be changed if you were informed that such a rug was six years old?" The objection of the defendant to this question was over-

ruled and the exception to that ruling is the foundation of the only specification of error to the admission of evidence. The witness answered, in substance, that if the rugs were in good condition, it would make no difference if they were eight or ten years old. We are of opinion that this evidence was properly admitted. It amounted to nothing more than a statement that the value of the rug was dependent upon its condition and not upon its age. The witness did not pretend to testify as to the condition of the particular rug in question. His answer still left upon the plaintiff the burden of establishing by other evidence the condition of the rug, and the plaintiff did produce evidence sufficient to warrant a finding that the rug was in good condition. The persons who testified as to the condition of the rug, at the time it was delivered to the defendant, were not asked anything about its value; presumably they knew nothing about the value of such an article. The plaintiff having produced independent evidence as to the character and condition of the rug the testimony of the expert as to the value of such a rug was competent and entirely sufficient foundation for a finding of that value: Mish v. Wood, 34 Pa. 451. The specifications of error are overruled.

The judgment is affirmed.