Cook *v.* Donaldson et al., Appellants.

Argued March 21, 1929.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Hugh M. Stilley,* with him *Alexander Gilfillan* and *William A. Challener,* for appellants.—The error was basic and fundamental: Com. v. Levine, 74 Pa. Superior Ct. 491.

*Henry G. Wasson,* with him *Alexander V. Wasson, Henry G. Wasson, Jr.,* and *Marshall & Marshall,* for appellees.

PER CURIAM, April 15, 1929:

This is an appeal from a judgment for plaintiff, entered on the trial, in the Court of Common Pleas of Allegheny County, of an issue to determine whether a part of the will of Robert J. Potter, deceased, was procured by the undue influence of Lawrence B. Cook (plaintiff), who was the attorney for testator, for many years his friend and office associate, and a beneficiary under his will.

The trial was long and well conducted. The instructions to the jury occupy twenty-three printed pages, and the sole assignment of error complains of but a small portion of this charge, wherein, after detailing a number of business transactions in which Cook and others were involved with decedent, the court said to the jurors, inter alia, "You will observe that, in all the testimony as to these business dealings, there is no direct evidence of any fraud or undue influence on the part of Mr. Cook over Mr. Potter, but the defendants ask you to draw the conclusion from all those facts that...... Mr. Cook had an ascendency......over Mr. Potter and that Mr. Potter was [subject to]......Mr. Cook's domination...... Those facts are for your consideration, bearing in mind that there is no evidence of any fraud or undue influence on the part of Mr. Cook over Mr. Potter in connection with those transactions."

Appellants complain that when the court used the above quoted language to the effect that there was "no evidence of any fraud or undue influence," this practically removed that issue from the jury so far as the matters in hand were concerned; but, when the charge is read as a whole, we cannot agree with this contention.

The transactions mentioned in the instructions under discussion did not go to the main issue as to whether

there was undue influence present at the time of the making of the will, and the trial judge, reviewing and summarizing the evidence in regard to them said, "In the testimony as to these business dealings there is no direct evidence of any fraud or undue influence," and, later, that there was "no evidence of fraud or undue influence in connection with those transactions"; which appears, from a reading of the evidence, to be a true statement of the facts. It might have been better, as the court below says, so as to avoid the possibility of misunderstanding the relation of these particular transactions to the main issue of alleged undue influence in the making of the will, had the term "no direct evidence," instead of "no evidence," been employed in the second reference above quoted, as it was in the first; but, as that tribunal further says, in view of what was stated in the charge both before and after the expression complained of, the jury, in all probability, "fully understood the relevancy and importance of the evidence as to these transactions and the conclusions which might be drawn from them."

The trial judge told the jurors over and over again that, owing to Cook's confidential relation to his client, the decedent, the burden of proof was on plaintiff to satisfy them that he used no undue influence in the making of the will, and, if he failed to do this, it would be their duty to return a verdict in favor of defendants. He particularly called the jurors' attention to the fact that Cook had introduced evidence to overcome the presumption against him, and that defendants in turn had introduced proofs to meet plaintiff's evidence; then he told them that all of this evidence was for their consideration in determining the main issue in the case, especially saying to the jury, at the end of the instructions here complained of, "When you come to consider the question of whether or not there was any undue influence used at the time of the making and signing of the will, you will bear in mind all those circumstances and

determine what weight you will give to them," meaning the circumstances concerning the business transactions under discussion.

We approve and adopt the following excerpt from the opinion of the court below: "In a case presenting so many features as did this,......a slight inaccuracy in one statement will not afford sufficient ground for a retrial, [where] the charge as a whole was a fair presentation of the issues and of the law applicable thereto, and ......the verdict was manifestly proper: Com. v. Legins, 285 Pa. 97, 100; Com. v. Welch, 291 Pa. 40, 45; McCormick v. Bickerton, 251 Pa. 466, 477. Particularly is this true where [as here] counsel was given an opportunity to suggest corrections but failed to call attention to [what is now alleged as] a misstatement......Keller-Pike Co. v. Wetter, 252 Pa. 340, 347."

The judgment is affirmed.