## Wasillo v. Szeles and (E. F. Crosby, Appellant).

## Vitale v. Szeles and (E. F. Crosby, Appellant).

Argued January 18, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

338

Rufus S. Marriner, with him *John F. Wiley,* of *Marriner & Wiley,* for appellant.

*George I. Bloom,* of *Bloom & Bloom,* for appellees.

PER CURIAM, February 1, 1933:

Nicholas Wasillo, husband of the plaintiff in No. 127, and Frank Vitale, plaintiff in No. 128, at the invitation of Joseph Szeles, one of the defendants in both cases, were riding for pleasure in an automobile driven by Szeles when their car collided with that of E. F. Crosby, the other defendant. Wasillo was killed in the collision, and Vitale sustained personal injuries. Judgment in each case was entered against defendants jointly. Defendant Crosby appealed. The two cases were tried together in the court below and will be so considered here.

We are not convinced any of appellant's assignments of error should be sustained. The refusal of the court below to withdraw a juror when counsel for plaintiffs, in addressing the jury, appealed to their sympathies on behalf of the widow and children of Wasillo, was not error, inasmuch as the trial judge, in overruling defend-

ant Crosby's motion, cautioned the jury explicitly that, if they rendered a verdict for plaintiff, or either plaintiff, it "must be based on facts alone and not on sympathy......for anybody." This instruction, we believe, was adequate under the circumstances to obviate any harm that might have been done defendants by counsel's improper remarks: Wilhelm v. Uttenweiler, 271 Pa. 451, 453-4.

All other questions properly before this court on appeal rest on questions of fact which were laid before the jury in a full and careful charge, and found against defendants upon evidence sufficient to support the verdict. The case was fully reviewed by the court in banc on motions for judgment n. o. v. and for a new trial, and we find no cause for reversal.

The judgments are affirmed.