## Senita *v.* Marcy, Appellant.

Argued September 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. G. McGill,* of *McGill & McGill,* for appellant.

*Walter L. Dipple,* with him *A. M. Oliver,* of *Dipple & Oliver,* and *Osmer & Osmer,* for appellee.

PER CURIAM, November 23, 1936:

Appellant argues that the trial court's instruction indicated that appellee was absolutely entitled to recover $450, a physician's bill, as part of her expenses, without reference to the reasonable necessity for the services rendered or the reasonableness of the amount charged. While it would have been better for the court to have brought this to the jury's attention, appellant was not prejudiced by this omission, as the physician who submitted the bill in question testified that his fee was reasonable. Appellant made no attempt to contradict this evidence and permitted it to remain on the record undisputed. The jury's allowance of the full amount of the bill in awarding the damages was proper under the circumstances. Furthermore, appellant's counsel failed to avail himself of the opportunity afforded by the court below to offer suggestions or additions at the conclusion of its charge: see *Medvidovich v. Schultz,* 309 Pa. 450, 453; *Keystone P. M. Co. v. Pa. Fire Ins. Co.,* 291 Pa. 119, 127.

Appellee frankly admits the court in its charge misquoted the testimony of Dr. Cooper, her principal and only medical witness, in regard to the extent of the injuries to her right knee. The court confused the doctor's testimony concerning her back injuries with what he said about her knee. The court carefully instructed the

jury that it was their duty and responsibility to remember the testimony as given by the witnesses. While appellant's counsel excepted particularly to this portion of the charge, quoting merely what the court said, he did not state the reason for the exception or call the court's attention to the mistake in his recital of the evidence. When a trial judge errs in his comments upon testimony, counsel must call his attention to the real testimony in the case; if he does not, he cannot take advantage of it on appeal: see *McMillen v. Strathmann*, 264 Pa. 13, 16. Moreover these errors are not of sufficient moment to grant a new trial.

A careful review of the evidence shows that the verdict is not excessive.

Judgment affirmed.