Drake *v.* Emhoff, Appellant.

Layton *v.* Same.

Ransom *v.* Same.

Argued April 30, 1941.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

500

*John H. Moody,* with him *Edred J. Pennell, A. A. Geary* and *Wm. S. Bailey,* of *Bailey & Rupp,* for appellant.

*Miles L. Cohen,* with him *John A. R. Welsh* and *Harry Bowytz,* for appellees.

OPINION BY RHODES, J., July 18, 1941:

On October 9, 1937, Harry Layton was driving his automobile (coupe) in a westerly direction along the William Penn Highway in Juniata County. With him were Wilma Drake and Herbert Ransom. At the same time S. E. Emhoff was driving his automobile (sedan) in an easterly direction along the same highway. The two automobiles collided with each other near the eastern boundary line of Thompsontown Borough. The three occupants of the Layton automobile brought actions in trespass against Emhoff to recover damages.

The three actions were tried together, and a separate verdict was rendered for each plaintiff. Defendant having moved unsuccessfully for a new trial in each case, and for judgment n. o. v. in the Layton case, these appeals followed.

As the three trespass actions arose from the same accident, and were tried together in the court below, they will be disposed of in a single opinion.

The assignments of error upon which the argument

for new trials is based will be considered first. Assignments Nos. 1 to 13, inclusive, apply to each of the three cases. The first 12 assignments are directed to the charge of the court. The 13th assignment relates to the dismissal of defendant's motion for a new trial. Assignment No. 15 complains of a ruling on evidence, and applies to the Layton case only.

Under the first assignment it is argued that the trial judge erred when, in his charge to the jury, he characterized the testimony of Robert Swigart, one of appellant's witnesses, as "of little value." The record reveals that what the trial judge actually said was: "If he was an eye witness it was at such a distance that his testimony *with respect to the immediate collision* is of little value." With the restriction indicated by the italics, this was not an improper observation, for the witness had testified: "Well, the only thing I saw when I left Thompsontown was a cloud of dust, and after that I saw two cars together."

The eighth and ninth assignments impute error to that part of the charge wherein the trial judge stated to the jury that the testimony of Albert Bentz and Henry Koons, two apparently disinterested witnesses for appellant, had been criticized by counsel for appellees. The trial judge summarized the criticism, and told the jury that "in view of this criticism it will be your duty to consider this testimony in the light of other testimony in the case, namely, that on the part of the plaintiffs and all the witnesses for the defendant himself." In this there was no error.

The seventh assignment violates rule No. 22 of this court in that it covers more than one point, and raises more than one question. One part of it relates to a misquotation of testimony, and the other to comment thereon by the trial judge. It is therefore defective (*Davis et al., for use, v. Fireman's Fund Ins. Co. of San Francisco,* 5 Pa. Superior Ct. 506, 515), and need not be

considered (*Weinstein v. Gelishansky*, 66 Pa. Superior Ct. 38, 40; *Bounomo v. United Distiller's Co.*, 77 Pa. Superior Ct. 113, 114). Moreover, for reasons stated in connection with the other assignments herein discussed, there was no reversible error committed.

The eleventh assignment of error relates to the trial judge's remark in his charge that "most of these bills of which you have heard testimony have not been paid by these parties yet, apparently they were unable to pay them, but they have incurred the obligation for them." While the reference to appellees' inability to pay these bills might have been better left unsaid, still, in view of the entire record in this case, there was ample evidence to justify the verdicts which were modest, and it is not apparent that the jury was inflamed or affected by the statement quoted. See *Cook v. Donaldson et al.*, 296 Pa. 389, 393, 145 A. 920.

The second, third, fourth, fifth, sixth, and tenth assignments complain of misquotations of testimony in the charge. It is true, and appellees concede, that the trial judge made some incorrect statements in his review of the testimony, and that appellant took specific exceptions thereto. This, however, was not sufficient. As was said in *Senita v. Marcy*, 324 Pa. 199, at page 201, 188 A. 153: "While appellant's counsel excepted particularly to this portion of the charge, quoting merely what the court said, he did not state the reason for the exception or call the court's attention to the mistake in his recital of the evidence. When a trial judge errs in his comments upon testimony, counsel must call his attention to the real testimony in the case; if he does not, he cannot take advantage of it on appeal: see *McMillen v. Strathmann*, 264 Pa. 13, 16 [107 A. 332]." A different rule would impose an unreasonable burden upon the trial judge, especially in cases like those before us, where the testimony is voluminous and detailed. Furthermore, before reviewing the evidence the trial

judge said: "I shall attempt to make a brief resume of the testimony in which I will recite the facts to the best of my recollection, but I caution you that at all times during the recital you should bear in mind that it is your own recollection of the facts which is to control, and if at any point your recollection differs from mine, you are not to be misled or controlled by my recollection, but are to be guided entirely by your own; so that if I make any slip in my recital, which in your judgment shows a variance from the evidence as you understand it, you are to be guided entirely by your own understanding. My purpose is merely to direct your attention to the evidence in brief outline, so that you may apply it to the few principles which I have been endeavoring to explain." After appellant's counsel had stated their specific exceptions, the trial judge again said to the jury: "Counsel have taken a number of exceptions to the charge of the Court to the jury, most of which relate to alleged inaccuracies in the court's recital of the testimony. In view of this, we repeat to you that the Court has endeavored, according to his best recollection, to give you an outline of the testimony, merely for the purpose of directing your attention to the testimony, to enable you to apply the rules of law to it, and that in every respect in which your own recollection differs from that of the Court, as stated in the charge, you shall be governed entirely by your own recollection and not by the Court's statement. You are repositories of the evidence in this case, you are to consult your own recollections in determining what it was, and your own consciences in determining what the truth is from it." Having been so instructed, the jury could not fail to understand that their recollection of the testimony, and none other, was controlling in the consideration and disposition of the pending actions.

In the twelfth assignment it is generally alleged that

the charge as a whole was biased in favor of appellees, and prejudicial to appellant in that it had a tendency to be misleading, emphasized the appellees' case, and belittled the witnesses for appellant. In the argument reference is made to many of the matters embraced in assignments discussed heretofore as well as to other statements in the charge. At the conclusion of his charge the trial judge said: "Is there any correction, Gentlemen, or suggestion for further charge?" Thereupon counsel for appellant excepted to the refusal of points and to the charge generally, and excepted particularly to certain portions of the charge where the trial judge had given his recollection of the testimony of various witnesses, and which have been made the subject of assignments which we have previously discussed. No purpose would be served by reviewing all the criticisms enumerated, and it is sufficient to say that a careful reading of the entire charge in the light of the authorities cited by appellant's counsel does not convict the trial judge of the error complained of in the assignment. See *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331. Particularly is this so when many of the alleged inaccuracies and inadequacies either escaped attention of counsel at the trial or were deemed so trivial as not to call forth requests for corrections. Of the cases cited by appellant it may be said: "Cases upon the subject of new trials are not, in the nature of things, of much authority, except as to the mere laying down of the general principles": *Martin v. Marvine,* 1 Phila. 280. (SHARSWOOD, P. J.)

The admission of the testimony of the witness David Saussman as to the value of appellee Layton's automobile prior to the accident is the subject of the fifteenth assignment of error. The general qualifications of this witness, a dealer in automobiles, as an expert do not seem to have been questioned at the trial. No objection was made to his testimony on that ground. Admittedly,

he had never seen Layton's automobile before the accident, but it was removed to his place of business by his towing truck thereafter. Saussman stated that from his inspection of the damaged vehicle he was able to visualize its condition before the accident; that its value at that time was $500, and thereafter $35. While he admitted on cross-examination that he had not inspected specific parts of the automobile, this went to the weight of his testimony, but it did not render his testimony inadmissible. Furthermore, Layton had testified that he paid $800 for the automobile, a 1936 six-cylinder Oldsmobile coupe, about a year before the accident which occurred on October 9, 1937; that it was in good condition; and that it was practically new when he bought it, as the seller had had it only a month when Layton purchased it. It was also shown that Layton had driven the automobile from Newark, N. J., to the scene of the accident in approximately eight and one-half hours, which in itself was some evidence of its mechanical condition. The trial judge directed the jury's attention to Saussman's failure to examine various essential parts of the automobile, and went on to say: "You will determine, therefore, to what extent you feel you can rely upon this estimate ......"

As stated in their brief, the complaint of appellant's counsel is "that the value of the plaintiff's automobile immediately prior to the accident was not fixed by any competent testimony." In *Wilhelm v. Uttenweiler*, 271 Pa. 451, 112 A. 94, a witness was permitted to testify as to the value of brewing machinery and appurtenances. It does not appear from the report that he had ever seen the property. The Supreme Court said (p. 455): "A person having special knowledge of the value of machinery, mechanical appliances, and other personal property may be permitted to testify to their cost and value though he may not be technically an expert. His familiarity with the particular articles or with the trade

or business for which they were manufactured, sold or used, enables him to estimate the value in a way others could not do: *Mish v. Wood,* 34 Pa. 451; *Sykes v. Thornton,* 223 Pa. 589 [72 A. 1063]; *Stocker v. Schneider,* 228 Pa. 149 [77 A. 437]. The testimony shows the witness had sufficient knowledge of the worth of property of the kind in question to testify to its value; the weight to be given his evidence was for the jury."

After evidence had been given of the contents and value of certain trunks alleged to have been converted by the defendant, the testimony of experts to prove the value of articles similar to those described, although never seen by such experts, was held admissible in *Mish v. Wood et ux.,* 34 Pa. 451.

In *Rodgers v. Studebaker Sales Co.,* 102 Pa. Superior Ct. 402, at page 406, 157 A. 6, at page 7, Judge KELLER, now President Judge, speaking for this court, said: "An expert in the used car field may be competent to give evidence as to the value of a car in a hypothetical condition, even though he never saw the car itself." See, also, *Struse v. Philadelphia Rapid Transit Co.,* 87 Pa. Superior Ct. 46, 49; *Uhr v. Davidyan,* 76 Pa. Superior Ct. 548.

The gist of appellant's argument seems to be that because the witness had not seen the Layton automobile before the accident his testimony was inadmissible. In the nature of things, a plaintiff would be rarely so fortunate as to have had his automobile inspected and appraised just before an accident. The rule advocated by appellant would debar a plaintiff from proving such damage in most cases. Courts are not required to be so solicitous of a wrongdoer.

The language of Mr. Justice SUTHERLAND, speaking for the United States Supreme Court, in *Story Parchment Co. v. Paterson Parchment Paper Co. et al.,* 282 U. S. 555, at page 563, 75 L. Ed. 544, at page 548, is applicable: "Where the tort itself is of such a nature

as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise ...... As the Supreme Court of Michigan has forcefully declared, the risk of the uncertainty should be thrown upon the wrongdoer instead of upon the injured party. *Allison v. Chandler,* 11 Mich. 542, 550-556."

The fourteenth assignment complains of the refusal of the court below to enter judgment for appellant n. o. v. in the Layton case. The proposition advanced by appellant is that Layton was guilty of contributory negligence. According to Layton's testimony, and he was the only witness in his own behalf, he was driving west on route No. 22, a two-lane highway, approaching Thompsontown. Appellant, approaching from the opposite direction behind a truck, pulled over into the westbound lane to pass it. Layton attempted to avoid a collision by turning to his right onto the berm, but the right front wheel of his automobile struck an abutment, deflecting it to the left, and skidded forward at an angle with the rear wheels on the berm and the front wheels in the westbound traffic lane. It continued in this position until the collision occurred, after which both automobiles headed south and came to rest side by side on the south side of the highway and at right angles thereto.

Appellant's argument is based on discrepancies in

Layton's testimony as to the distances between his own automobile and appellant's at various times before the accident, and especially when appellant pulled out from behind the truck. In the first place, the argument ignores the rule, reiterated so frequently, that in reviewing the denial of a motion for judgment n. o. v. the testimony must be read in the light most advantageous to the plaintiff who has the verdict, all conflicts must be resolved in his favor, and he must be given the benefit of every fact and inference of fact pertaining to the issues involved. *Burckhalter et ux. v. F. W. Woolworth Co.*, 340 Pa. 300, 302, 16 A. 2d 716; *Johnston v. Pennsylvania Railroad Co. et al.*, 135 Pa. Superior Ct. 45, 47, 4 A. 2d 539. Again, since the inconsistencies in Layton's testimony are emphasized as establishing his contributory negligence, of which appellant had the burden of proof, they were for the jury. "When by reason of conflicting statements the plaintiff's testimony leaves the question of his contributory negligence in doubt, since he has not the burden of proof on that issue, it is for the jury to decide the real facts in relation thereto, notwithstanding the conflict": *Parker v. Matheson Motor Car Co.*, 241 Pa. 461, at page 467, 88 A. 653, at page 655. See *Zenzil et al. v. Delaware, Lackawanna & Western Railroad Co.*, 257 Pa. 473, 477, 101 A. 809; *Lewis et al. v. Pittsburgh Railways Co.*, 132 Pa. Superior Ct. 394, 399, 200 A. 704.

All the assignments of error are overruled.

Judgment in each appeal is affirmed.