Consylman et ux. *v.* Garrett (et al., Appellant).

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*W. R. Simpson*, with him *William C. Storb*, for appellant.

*James P. Coho*, for appellees.

OPINION BY RHODES, P. J., July 15, 1949:

Plaintiffs brought this action in trespass against Marion H. Garrett and Robert H. Garrett to recover damages for the injurious acts committed by trespassing domestic animals. At the trial the court directed a nonsuit as to the one defendant, Marion H. Garrett, and submitted the case against Robert H. Garrett to the jury, which rendered a verdict in favor of plaintiffs. Motions for new trial and judgment n. o. v. were filed on behalf of Robert H. Garrett, and the action of the court

below in refusing the motions is here assigned as error by him on this appeal.

Appellant contends that there was no evidence from which the jury could properly find that he had possession of the trespassing animals which caused the damage; and that the trial court erred in permitting, over appellant's objection, witnesses who had never seen the premises prior to the damage to testify as to the steps necessary to restore the premises to the former condition.

There is no merit in appellant's first contention. The jury having returned a verdict for plaintiffs, we are obliged to view the evidence and all the inferences to be drawn therefrom in the light most favorable to them. *Ashworth v. Hannum,* 347 Pa. 393, 397, 32 A. 2d 407. One of the plaintiffs, Cecelia Consylman, testified that when she complained to appellant concerning the pigs, he said to her: "If you don't want my hogs down there on your place, you put a fence up and pen them up, because I don't have to pen my pigs up." We think this was an admission from which the jury could reasonably infer that the appellant owned or possessed the pigs in question. While appellant denied using the phrase "my pigs" in this conversation, the credibility of the respective witnesses was for the jury. *MacDonald v. Pennsylvania Railroad Co.,* 348 Pa. 558, 561, 563, 36 A. 2d 492. Appellant in his own testimony virtually conceded that these pigs were kept on the farm belonging to his mother, which was farmed and operated by him. On cross-examination he also testified: "Q. You manage the farm? A. That is right. Q. You have control of the farm? A. To my extent. . . . Q. What do you mean by that? A. Well, until what I care to control it." There was other testimony showing that the trespassing pigs came from the farm operated by appellant. He endeavored to avoid responsibility by presenting testimony that the trespassing pigs actually belonged to his brother. In fixing the liability for damages caused by trespassing

animals the important element is possession and control. While the legal owner usually is the person who also has possession and control; where the owner places such animals in the possession of another the latter becomes responsible for the harm done by their intrusion upon the land of another during the custodial period. *Rossell v. Cottom,* 31 Pa. 525; Restatement, Torts, §504 (1), comment c.

Ordinarily a witness who has never seen the premises before the damage thereto occurred is not competent to testify concerning its original condition. *Gallagher v. Kemmerer,* 144 Pa. 509, 22 A. 2d 970; *Shimer v. Easton Railway Co.,* 205 Pa. 648, 55 A. 769.

The trial judge overruled appellant's objection to testimony by a landscape gardener called to estimate the work necessary to restore the damaged lawn and spring. On direct examination, he was asked: "Q. Can you tell the Court and Jury how you arrived at what the physical damage was? A. I was down one time. I thought I could fix it up, that is, patch it up, but they called me back the second time. That was later in October. Then I found out the only thing I could do was disk it up, put new top soil on, regrade it and fix the whole thing all over again, that is, sod it, to put grass on like it was before. Mr. Storb: That last statement I object to, 'put grass on like it was before.' . . . The Court: The objection is overruled." However, the witness did not undertake to describe the original condition of the premises, but confined his testimony to a statement of what measures would be necessary to repair the damages, a subject upon which he was competent to testify by reason of his experience as a landscape gardener. The phrase "like it was before" was a convenient way of referring to the testimony of the plaintiffs, which they had given, and in which they described the original condition of the lawn from their own personal observation. It is proper, in actions involving loss of or damage to

property, first to prove the character of the property immediately before loss or damage by a witness who has personal knowledge thereof, and then to prove the value or the cost of repair of the property by a qualified witness whose special knowledge enables him to arrive at such an estimate based upon information derived from the testimony of the first witness. *Mish v. Wood,* 34 Pa. 451; *Wilhelm v. Uttenweiler,* 271 Pa. 451, 112 A. 94; *Czerwinski v. National-Ben Franklin Fire Insurance Co.,* 138 Pa. Superior Ct. 84, 10 A. 2d 40; *Drake v. Emhoff,* 145 Pa. Superior Ct. 498, 505, 506, 21 A. 2d 492. It follows that the testimony of a qualified witness as to the cost of materials and labor described as necessary to repair the damage to plaintiffs' lawn and spring was also competent.

Judgment is affirmed.