Spirko *v.* Everett, Appellant.

Argued November 18, 1960; reargued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Avra N. Pershing, Jr.,* for appellant.

*Joseph M. Loughran,* with him *Everett S. C. Sorber,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1961:

These are appeals from the entry of judgments for the plaintiffs in trespass actions after the court below refused motions for new trials.

An automobile driven by the appellant Mrs. Everett struck a gas station of the Gulf Oil Corporation, damaging it and the property of the lessee, Fred Spirko. The automobile driven by the appellant and a motorcycle operated by Augustus Mellott had collided, causing the automobile to crash into the gas station. In separate actions, which were tried together, the owner and the lessee of the gas station sued both Mellott and Mrs. Everett. The jury exonerated Mellott, but found for both plaintiffs against Mrs. Everett. Mrs. Everett claims that she is entitled to a new trial because of alleged trial errors.

The gas station is located at the intersection of West Otterman Street and West Pittsburgh Street at the edge of Greensburg. At this point a four lane, two way highway separates into two one way streets. Mrs. Everett was operating her husband's automobile in an easterly direction on the four lane highway which for east bound traffic continues in a straight line. The west bound traffic, leaving the one way street to join the two way traffic on the four lane highway, enters the highway on an angle requiring traffic to make a right turn. As Mrs. Everett approached the place where the four lane highway separates, four westbound motorcycles turned onto the highway, and one operated by the defendant Mellott, collided with her automobile. After the collision she was unable to control her vehicle, and it struck the gas station.

The issue was whether either, both, or neither of the defendants negligently operated their vehicles, and, if there was any negligence, whether it was the proximate cause of the damages. There was a direct conflict in the testimony as to whether the collision took place north or south of the center line of the highway. The jury apparently concluded that the collision took place on the north, or Mellott's side of the highway, which put the appellant on the wrong side.

The appellant presses three reasons for a new trial.

First, she contends that the charge was prejudicial as to the point of collision. An investigating state police officer, who arrived at the scene shortly after the accident, testified to fresh gouge marks, oil and debris four feet from the center of the road in the lane for west bound traffic. In the trial judge's charge he properly reviewed the officer's testimony, but later said, "The State Police said that the marks where the collision took place were on the wrong side of the road." The state policeman did not see the collision and did not say where it "took place," but testified only to conditions on the highway from which the jury could conclude that the collision occurred in the lane where the appellant should not have been driving. The trial judge told the jurors numerous times that their recollection of the evidence, and not his, should govern. The inaccuracy in relating the officer's testimony does not warrant our granting a new trial. *Drake v. Emhoff*, 145 Pa. Superior Ct. 498, 21 A. 2d 492 (1941).

The second reason advanced for a new trial is that the court erred in its ruling upon the plaintiffs' first point for charge, which was that under all the testimony the verdict had to be for the plaintiffs. It was within the power of the jury to find both defendants free from negligence and give a verdict for both defendants. In his charge, the trial judge said, "Now as the Court views it the plaintiffs here are entitled

to recover because through no fault of their own their property was injured . . . but that is a matter for you to determine." He also charged that the burden was upon the plaintiffs to prove negligence on the part of the defendants, and indicated several times in several ways that recovery was possible only if negligence was established. There were a total of 13 points presented, and upon all except the plaintiffs' first point, the court ruled only "This is affirmed" or "This is refused". The court commented upon the plaintiffs' first point, and it is clear from his remarks thereon that the point was affirmed upon the condition that the jury found "there was negligence here." There was no evidence that the collision which produced the damage was the result of anything except one of the two defendants being on the wrong side of the road, or that being on the wrong side by either defendant was caused by any excusable reason. We think the jury understood that it could find for the plaintiffs only if one or both of the defendants were negligent.

The third contention of the appellant is that the court erred in permitting plaintiffs' counsel to ask a 14 year old boy on cross-examination whether his father made a claim against the appellant for his bicycle which was run over by the appellant's car on the gas station property. The boy had testified for the appellant to facts which would indicate that she was free from negligence.

Ordinarily, conduct by a witness inconsistent with his testimony may be inquired into on cross-examination to affect his credibility. III Wigmore on Evidence, 3rd Edition, §1040(5). Considering that the damage to the bicycle was done by appellant's automobile, and that the claim was made by the father of the witness, the credibility of the boy was hardly affected by any claim made against the appellant for the damage to the bicycle. It would have been better had

the court sustained the objection. However, we cannot conceive of any serious damage suffered by the appellant as a result of the boy's acknowledging that a claim was made against the appellant by his father for the damage to his bicycle. We consider the error harmless. 2 P.L.E., Appeals, §461, §471, §472; *Goldberg v. P.R.T. Co.*, 299 Pa. 79, 85, 149 A. 104 (1930); *Richmond v. Otter*, 364 Pa. 191, 195, 70 A. 2d 314 (1950).

Judgments affirmed.