## Grim v. Reitnauer

*Sherwood L. Yergey*, for plaintiffs.

*Leo H. Eschbach*, for defendants.

SCIRICA, J., March 6, 1973.—

## HISTORY

On March 2, 1970, a complaint in assumpsit was filed by plaintiffs averring that on August 23, 1969, they had purchased, at an auction, 14 acres of corn to be harvested at a later date, for $476. When they attempted to harvest the corn on or about October 27, 1969, defendant, Mark L. Myers, prevented them from doing so. This necessitated their buying corn during the fall and winter, since no other corn fields were available, at an increased cost to them.

In the original action, William McIlvee, the former owner of the land, was never served with the complaint, having moved out of the jurisdiction. Another defendant named was Raymond S. Reitnauer, the auctioneer, who conducted the auction of personal property on August 23, 1969, at the site of the property on behalf of the former owner, William McIlvee.

Defendant, Mark L. Myers, signed an agreement of sale for the purchase of the 61 acre farm consisting of a home, barn, detached garage and other outbuildings situate on Pineford Road, Douglas Township, R. D. No. 2, Montgomery County, Pa., on June 18, 1969. Settlement was held on September 4, 1969, at which time title was taken in the name of the real estate holding company solely owned by Mr. Myers, Markan, Inc. The 14-acre corn field was part of this tract.

At the same time the agreement of sale was executed, McIlvee agreed to sell to Myers certain farm equipment for the sum of $1.

Preliminary objections were filed by the two defendants, who were served in this case, and, after argument, they were dismissed. The matter was heard before a board of arbitrators who rendered a verdict in favor of plaintiffs and against defendant, Mark L. Myers, and in favor of Raymond S. Reitnauer, the auctioneer.

Mr. Myers filed an appeal to this court. A trial before a jury was held, and the jury returned a verdict in favor of plaintiffs and against defendant, Mark L. Myers, in the sum of $1,457.40. Motions for new trial were filed. After argument and consideration of the briefs filed, the motion for new trial was dismissed. Defendant has taken an appeal to the Superior Court, hence, this opinion.

## DISCUSSION

The testimony revealed that at the time of the auction sale the auctioneer announced that he was about to sell 14 acres of corn which could be removed at the time when it was fully grown and ready for harvest. Defendant, Mark L. Myers, having knowledge of the sale, made efforts with one Mr. Murray to buy the corn in the cornfield from McIlvee, and discussed the sale with one of the witnesses.

At the trial, the court permitted plaintiffs to testify as to the quantity of corn that could be harvested from this field, the cost of the corn necessary to replace that quantity not harvested, and as to damages they incurred as a result of their not being able to harvest and remove the aforementioned corn crop.

Plaintiffs are brothers who were raised on a farm. They have continued to farm since they were old enough to do chores about their parents' farm. They are both school teachers and one, Robert, has a Bachelor of Science degree in agriculture, and teaches biology and agriculture. The brothers have been partners in farming since about 1960. In fact, they farmed a corn field contiguous and adjacent to the corn field in question. Defendant avers that the court erred in permitting them to testify.

The fact that they were parties to the suit does not disqualify them as expert witnesses on their own behalf: Brown, Pennsylvania Evidence (1949) page 125; O'Neill v. Atlas Auto. Finance Corp., 139 Pa. Superior Ct. 346 (1940).

The witnesses had more than reasonable familiarity with the personal property, corn; its planting, cultivating, harvesting; its many uses and extent of yield per acre and, therefore, could testify as to its value. There is no fixed or absolute standard to determine the competency of these witnesses. The trial court was satisfied that these witnesses had such knowledge of farming and growing corn and value of corn as could be reasonably expected in this particular case. The standard must not be so high as to exclude the best evidence available under the circumstances: Stevenson v. East Deer Township, 379 Pa. 103 (1954), at pages 106 and 107 and the cases cited therein.

The trial court was satisfied that the two brother plaintiffs were sufficiently qualified to testify: May Dept. Stores Co. v. Allegheny County Board of Property Assessment, Appeals & Review, et al., 441 Pa. 556 (1971).

Even a nonexpert may testify as to the value of property if he is familiar therewith, and with the

values of similar property: Sykes v. Thornton, 223 Pa. 589 (1909); Sweitzer v. Whitehead, 404 Pa. 506 (1961).

Defendant may have been confused as to the distinction between the competency of a witness and the weight to be given to his testimony by the fact-finding tribunal. The jury found the witnesses to be highly credible. No testimony was offered to contradict their testimony. In fact, after defendant's motion for compulsory nonsuit was denied, he offered no testimony in defense.

With regard to defendant's other reason for new trial, namely, that the court erred in affirming plaintiffs' points for charge nos. 1, 2 and 3, it is of the opinion that these objections were overruled when the preliminary objections filed by defendant were dismissed by the court.

Accordingly, the motion for new trial is denied.